377 So.2d 793 (1979)
Ernest J. VAN EYK, Appellant,
v.
R.N. HICKS CONSTRUCTION CO. and Commercial Union Assurance Companies, Appellees.
No. QQ-131.
District Court of Appeal of Florida, First District.
December 7, 1979.
*794 Steven G. Jugo of Kaplan, Sicking, Hessen, Sugarman, Rosenthal & Zientz, Miami, for appellant.
Jennifer J. Jones of Stephens, Schwartz, Lynn & Chernay, Miami, for appellees.
PER CURIAM.
Appellant challenges the judge of industrial claims' denial of his claim for catastrophic loss benefits pursuant to Section 440.15(2)(c), Florida Statutes (1977). We reverse.
The statute provides, among other things, that an employee injured in a compensable accident who suffers "total loss of use" of an arm, leg, hand, or foot "because of organic damage to the nervous system" should be paid 80% of his average weekly wage as temporary total disability benefits, the compensation being available for a maximum of six months from date of injury.
Appellant, a construction worker, was injured on the job in January 1978 when several pieces of lumber fell on his back. He was hospitalized for a time, and his orthopedic surgeon diagnosed a severe vertebral compression fracture. Appellant was able to walk without a walker for brief periods beginning in April 1978. Until then, appellant had been housebound. He could not work during the six-month period following his injury, and in August 1978 he had surgery to decompress the nerve that controlled use of his legs.
Appellant filed a claim under Section 440.15(2)(c), but the judge of industrial claims ruled that because appellant could walk without a walker in April 1978, and because he "did not suffer a total loss of use necessitating training or education in the use of artificial members or appliances under a rehabilitation program," appellant was not entitled to catastrophic loss benefits.
Appellant contends that because his inability to work for six months after the accident was caused by damage to his nervous system, he should receive Section 440.15(2)(c) benefits. Appellee argues in essence that increased benefits should be paid only for a loss so catastrophic that it would result in amputation or total loss of use so akin to amputation as to amount to the same thing.
We hold that appellant's view is correct. The statute refers to temporary, not permanent, total disability. Total loss of use in the workers' compensation context, moreover, indicates the inability to perform functions required in an industrial setting:
Loss of use, total or partial, of an organ or member, in workmen's compensation cases, is never determined in the abstract, but rather is always considered in light of the use which a claimant must reasonably make of the organ or member in his or her employment.
Gordon v. Walgreen's Drug Store, 149 So.2d 857, 859 (Fla. 1963).
In other words, it is obvious that appellant was totally disabled from doing construction work, and the mere fact that his doctor allowed him to attempt walking without mechanical aids is of no consequence so far as the statute is concerned.
Nor did the doctor's decision that appellant was not a candidate for a physical rehabilitation program bar appellant from collecting enhanced benefits. Gardner v. D.F.S. Construction Co., 358 So.2d 171 (Fla. 1978).
REVERSED. We remand to the judge of industrial claims for his determination of the appropriate fee appellant's attorney earned by his attempt to secure benefits in the proceedings below.
McCORD, LARRY G. SMITH, and SHIVERS, JJ., concur.