MASON, ERNEST E., (Ret.), Associate Judge.
This is an appeal from an order dated October 29, 1979, by Deputy Commissioner David A. Danielson. The deputy ruled that the claimant/appellee, Robert W. Szajbler, suffered an industrial accident on May 21, 1979, in which he became temporarily totally disabled due to a “catastrophic loss” as defined by Section 440.15(2)(c), Florida Statutes (1978). The deputy awarded compensation at the rate of eighty percent (80%) of the claimant’s weekly wage until he completed training or until November 21, 1979, whichever occurs first.
From this order the appellant contended that the claimant could have only suffered from a catastrophic total loss of use of either his leg or his foot based on the evidence in the record. The appellant claims that the evidence indicates that the claimant did not suffer a “total loss of use” of either his leg or foot as defined by Section 440.15(2)(c), Florida Statutes (1978). The appellant further contends that even if the claimant did suffer such a loss, the deputy’s findings are deficient, because the deputy did not specify to what part of the body the claimant incurred a catastrophic loss.
This Court recently clarified the meaning of the term “total loss of use” in Section 440.15(2)(c), Florida Statutes (1978). See Van Eyk v. R. N. Hicks Construction Co., 377 So.2d 793 (Fla. 1st DCA 1979). The record set out competent substantial evidence to demonstrate a total loss of use of the foot[1] as set forth in the statute and clarified by Van Eyk, supra. Therefore, we affirm as to the first point, but we agree with the appellant as to the second point. The deputy has failed to adequately specify to what part of the body the claimant has suffered a total loss of use.
We suspect that the deputy intended to find a total loss of use to the foot. However, the deputy’s order did not state this. Therefore, we must remand the order for clarification on this issue by the deputy commissioner.
AFFIRMED in part and REMANDED for proceedings not inconsistent herewith.
LARRY G. SMITH and SHIVERS, JJ., concur.

. Whether or not there is competent substantial evidence to sustain a finding of a total loss of use to the leg or any other part of the body, is a question we do not reach in this opinion.