PER CURIAM.
The claimant here urges that the deputy commissioner committed reversible error in failing to include her gratuities in arriving at her average weekly wage. The deputy commissioner stated in his order:
“In the absence of competent, substantial evidence regarding the exact amount of the gratuities, such gratuities cannot be included in computing the claimant’s average weekly wage.” (emphasis supplied)
Section 440.02(12), Florida Statutes, states that wages shall include “... gratuities received in the course of employment from others than the employer, only when such gratuities are received with the knowledge of the employer.” Claimant offered the only testimony regarding the amount of gratuities, testifying that she had received between $20.00 and $30.00 per week in tips. The evidence also indicates that her employer knew she was receiving tips, instructed her that she need not report these tips, and, in fact, had no reporting provision. It is true that the deputy commissioner does not have to accept the highest figure or even the lowest figure testified to by the claimant. However, in the absence of testimony to the contrary, we believe the deputy commissioner was in error in not considering claimant’s testimony regarding gratuities in computing her average weekly wage. See Magic City Bottle & Supply Company v. Robinson, 116 So.2d 240, 241-242 (Fla.1959); Top of the Home Restaurant v. Mourino, IRC Order 2-3490 (July 26, 1978). See also Torres v. Eden Roc Hotel, 238 So.2d 639 (Fla.1970). Accordingly, we must remand for reconsideration on this point.
Claimant also urges entitlement to additional temporary total disability benefits, which were voluntarily paid by the employer/carrier from December 14, 1978, to June 25, 1979. On June 26, 1979, she began employment with the Michael-Ann Russell Jewish Community Center. After working there for approximately three weeks, she terminated her employment and was not able to secure work again until November 3, 1979. Upon these facts she urges that she is entitled to additional temporary total disability benefits for this interim period. We disagree. There is no evidence which indicates she was unable to work due to her physical incapacity during the time she quit her job with the Michael- *308 Ann Russell Jewish Community Center and the time she found new employment. The absence of such evidence precludes her from obtaining additional temporary total disability benefits. Westco Aluminum, Inc. v. Johnson, IRC Order 2-2400, (September 25, 1973), cert. denied 289 So.2d 738 (Fla.1974).
Affirmed in part; reversed and remanded for further proceedings consistent with this opinion.
SHIVERS and WENTWORTH, JJ., and LILES, WOODIE A. (Retired), Associate Judge, concur.