450 So.2d 569 (1984)
MARRIOTT IN-FLITE SERVICES and Crawford & Company, Appellants,
v.
Sergio GARCIA, Appellee.
No. AU-413.
District Court of Appeal of Florida, First District.
May 10, 1984.
Rehearing Denied June 12, 1984.
Albert P. Massey, III, of Pyszka & Kessler, P.A., Fort Lauderdale, for appellants.
G. William Allen, Jr., of Walton, Lantaff, Schroeder & Carson, Fort Lauderdale, for appellee.
WIGGINTON, Judge.
Appellants, employer/carrier, appeal the deputy commissioner's order awarding to appellee permanent total disability benefits and catastrophic loss benefits pursuant to section 440.15(2)(b), Florida Statutes (1981). We affirm.
We have carefully reviewed the record and find that competent substantial evidence supports the deputy commissioner's finding of permanent total disability. The remaining issue, the catastrophic loss benefit question, merits some discussion.
On November 29, 1981, appellee, a sixty-four year old Cuban who cannot speak English, severely injured his shoulder in a work related accident. His treating physician testified that he suffered a complete tear of the rotator cuff of his right shoulder. Appellee underwent surgery in March, 1982, to repair the cuff, at which time the doctors determined that all of the surrounding muscles were not only torn but also were split. After surgery, appellee's arm was in a cast until approximately April 13, 1982. Thereafter, appellee's condition did not improve and by June, 1982, the treating physician determined that the surgery had been unsuccessful.
The deputy commissioner found that appellee is entitled to catastrophic loss benefits pursuant to section 440.15(2)(b), Florida Statutes (1981), for the maximum of six months due to the total loss of use of his *570 right arm. The testimony of the treating physician, as well as that of appellee, supports a conclusion that for the six month period following his accident, appellee was totally unable to use his arm to perform any function in an industrial setting.
Section 440.15(2)(b), Florida Statutes (1981), provides in pertinent part:
Notwithstanding the provisions of paragraph (a), an employee who has sustained the loss of an arm, leg, hand, or foot, or total loss of use of such member because of organic damage to the nervous system, or has lost the sight of both eyes shall be paid temporary total disability of eighty percent of his average weekly wage... . In no event should the increased temporary total disability compensation provided for in this paragraph extend beyond six months from the date of injury.
Since appellee did not suffer the actual loss of his arm and has suffered no loss of his eyesight, he can only qualify for the benefits set forth in the above statute if the evidence supports a finding that he sustained a total loss of use of his arm "because of organic damage to the nervous system." E.B. Malone Corp. v. Johnson, 425 So.2d 622 (Fla. 1st DCA 1983) and Spitzer v. Bartlett Brothers Roofing, 437 So.2d 758 (Fla. 1st DCA 1983). Although his treating physician, Dr. DePalma, testified that appellee suffered no immediate damage to his central nervous system as a result of his fall, we believe that the record does support a finding that appellee suffered damage to his nervous system as a result of treatment of the injury. The medical evidence shows that appellee underwent an operation in which, necessarily, nerves were cut as torn muscles were repaired. Therefore, unlike the situation in E.B. Malone Corp. and Spitzer, relied upon by appellants, in the instant case, appellee's industrial injury did result in trauma and damage to his nervous system since the surgery he underwent was a direct result of his injury and that surgery rendered him totally unable to use his arm in an industrial setting for several months. Compare Santiago v. Orr Industries, Inc., 407 So.2d 1026 (Fla. 1st DCA 1981). See also Van Eyk v. R.N. Hicks Construction Company, 377 So.2d 793 (Fla. 1st DCA 1979), in which the court noted that section 440.15(2) refers to temporary, not permanent, total disability.
The above authorities support our conclusion that a finding of total loss of use of an arm due to temporary damage to the nervous system, as a result of surgery necessitated by an industrial injury, is an adequate ground for recovery pursuant to section 440.15(2)(b).
AFFIRMED.
ERVIN, C.J., and THOMPSON, J., concur.