452 So.2d 85 (1984)
Jesus HERNANDEZ, Appellant,
v.
EQUIPMENT COMPANY OF AMERICA, ADJUSTO, INC., Formerly Known As Corporate Group Service, and Division of Workers' Compensation, Appellees.
No. AU-409.
District Court of Appeal of Florida, First District.
May 23, 1984.
Rehearing Denied June 27, 1984.
Guy A. Gladson, Jr., of Gladson & Sullivan, Miami, for appellant.
Steven Kronenberg, of Adams, Kelley & Kronenberg, Miami, for appellees.
SHIVERS, Judge.
In this workers' compensation case, claimant, Hernandez, appeals an order of the deputy commissioner which denies catastrophic loss benefits. Although the order awards temporary total disability benefits, appellant contends that he also is entitled to catastrophic loss benefits pursuant to section 440.15(2)(b), Florida Statutes (1979). Because we find that the deputy commissioner applied an incorrect standard of law, we reverse and remand on this issue.
Hernandez was injured in a compensable accident on March 25, 1980, when a punch press crushed his left hand. Dr. Coll, an orthopedic surgeon and the only physician to testify in the case, described the injury as a crushing, mangling injury to the ulnar *86 border of the left hand. Claimant sustained ragged lacerations over the hypothenar eminence, including the little finger and palm. There were fractures of the fourth and fifth metacarpal. Most of the hypothenar muscles were crushed and were debrided at surgery. The little finger had to be amputated. Nerve injury to the digital nerves over the ring and little fingers were also surgically repaired. Dr. Coll affirmed that these nerves were part of the peripheral nervous system. Additional surgeries were performed January 8, 1981, May 5, 1981, May 28, 1981, and August 6, 1981. As a result of the development of neuromas in the injured areas, any light touch was either painful or extremely uncomfortable.
Dr. Coll opined that during the first six month period of treatment, claimant was temporarily totally disabled. He felt claimant was incapacitated and unable to perform "any kind of function" because of the time appellant spent in physical therapy. Dr. Coll noted that claimant was engaged in intensive rehabilitation during this time because of the multiple surgical procedures. When asked whether the temporary total disability was due to an injury to the peripheral or central nervous system, Dr. Coll replied that a significant component of the injury was due to damage to the peripheral nerves.
After several hearings, the deputy commissioner entered his order awarding temporary total disability benefits but denying catastrophic loss benefits. The order states:
Although the employee was disabled and unable to work during the six months immediately following his accident and even though he developed neuromas in his hand, I find that this is not a catastrophic loss involving the central nervous system and, therefore, he is not entitled to catastrophic loss benefits for the six months immediately after the date of accident, March 25, 1980.
Appellant points out that the word "central" was deleted from section 440.15(2), Florida Statutes, in 1975[1] and argues that the deputy commissioner, therefore, applied an incorrect legal standard. Appellee admits that, under the applicable law, catastrophic loss benefits are not dependent upon damage to the "central" nervous system. The correct standard for cases, such as the one sub judice, which fall under the 1979 Workers' Compensation Law was set forth and discussed in E.B. Malone Corp. v. Johnson, 425 So.2d 622 (Fla. 1st DCA 1983). Under E.B. Malone, an award for catastrophic loss is appropriate where an employee sustains the loss of an arm, leg, hand, or foot, or total loss of use of such member because of organic damage to the nervous system. Unlike the claimant in E.B. Malone, who sustained only fractures of three fingers and various abrasions without any organic damage to the nervous system, appellant here has sustained organic damage to the nervous system. See Marriott In-Flite Services v. Garcia, 450 So.2d 569 (Fla. 1st DCA 1984); Santiago v. Orr Industries, Inc., 407 So.2d 1026 (Fla. 1st DCA 1981); Van Eyk v. R.N. Hicks Construction Co., 377 So.2d 793 (Fla. 1st DCA 1979).
Appellee contends, however, that the denial of catastrophic loss benefits should be upheld because appellant failed to prove that he lost the use of his hand because of organic damage to the nervous system. We consider this a factual issue which should be determined by the deputy commissioner. The order sub judice contains no finding on this issue. Therefore, we reverse and remand to the deputy commissioner to determine in light of this opinion whether appellant sustained the total loss of use of his hand because of organic damage to the nervous system.
MILLS and WIGGINTON, JJ., concur.
NOTES
[1] See Chapter 75-209, section 6, Laws of Florida (1975).