454 So.2d 743 (1984)
ATLANTIC PLASTERING, INC. and Risk Management Services, Appellants,
v.
Charles W. O'HARA, Appellee.
No. AW-361.
District Court of Appeal of Florida, First District.
August 22, 1984.
*744 William W. Contole, West Palm Beach, for appellants.
Richard A. Kupfer of Cone, Wagner, Nugent, Johnson, Hazouri & Roth, West Palm Beach, for appellee.
MILLS, Judge.
Atlantic Plastering, Inc. and Risk Management Services (E/C) appeal an award to O'Hara of catastrophic loss benefits pursuant to Section 440.15(2)(b), Florida Statutes (1983).
O'Hara, a plasterer, was injured in a fall at his workplace, suffering head, rib and back injuries. The head and rib injuries healed without incident, but the back injury, diagnosed as a herniated disc, continued to affect O'Hara, manifesting itself in shooting pains primarily down the right leg, and in frequent collapse of the leg without warning. The E/C paid O'Hara standard TTD benefits as described in Section 440.15(2)(a), Florida Statutes (1983) (66 2/3% of the AWW) beginning the day after the accident, but by this claim for catastrophic loss benefits pursuant to Section 440.15(2)(b), O'Hara sought to increase the level of those TTD benefits to 80% of his AWW for the period extending six months after the date of the accident.
To qualify for catastrophic loss benefits, a claimant must demonstrate 1) the total loss of use of an arm, leg, hand or foot, 2) because of organic damage to the nervous system. Section 440.15(2)(b). The E/C argue that O'Hara has demonstrated neither of the statutory requirements. No "total loss of use" of the leg has been shown, because the record reflects that O'Hara could drive short distances, stand, walk without mechanical aids and was not paralyzed. Further, the E/C concede that the herniated disc suffered by O'Hara is "organic damage to the nervous system," but contend that the loss of use is not "because of" such damage, but because of the pain suffered as a result of the damage, based on testimony that pain was preventing the use of his leg. We disagree and affirm.
Regarding the "total loss of use" requirement of Section 440.15(2)(b), the law is clear that the phrase does not require amputation or loss of use so akin to amputation as to amount to the same thing before a claimant may be entitled to catastrophic loss benefits. Santiago v. Orr Industries, Inc., 407 So.2d 1026, 1028 (Fla. 1st DCA 1981). Therefore, it is irrelevant that O'Hara's leg was not paralyzed as a result of his injury. The key to "total loss of use" is the inability to perform functions required in an industrial setting considered in light of the use which a claimant must reasonably make of the member (here, a leg) in his employment. See Van Eyk v. R.N. Hicks Construction Co., 377 So.2d 793, 794 (Fla. 1st DCA 1979); Santiago at 1028. Here, the testimony was unrefuted that O'Hara's employment as a plasterer involves climbing up and down scaffolding, bending, carrying various construction material, kneeling, standing and squatting, all for the duration of an eight-hour day. The record further demonstrates that, primarily due to the pain and frequent collapse of his leg, the greatest amount of time at any one time that O'Hara can be on his feet is 2 1/2 hours, that he has not worked as a plasterer since the accident and that, due to his back injury and complaints arising therefrom, he could not perform the functions of employment as a plasterer. We find ample support in the record for the deputy's finding that O'Hara has suffered a "total loss of use" of his leg within the meaning of the statute.
As noted above, the E/C concede that O'Hara's herniated disc is "organic damage to the nervous system," but argue that the damage is not causing the loss of use herein, as required by the statute, but, rather, pain is the cause thereof. We cannot accept this argument. It is not disputed that the disc injury is the cause of the shooting pain and tendency to collapse that is preventing the use of O'Hara's leg. It is specious to agree that nerve damage exists, and then to argue that the damage has *745 not caused the loss of use but rather the pain generated by the damage. The deputy was therefore correct in holding that the loss of use of the leg was caused by damage to the nervous system, as required by the catastrophic loss statute.
The award of catastrophic loss benefits is affirmed.
BOOTH and BARFIELD, JJ., concur.