492 So.2d 454 (1986)
INTERNATIONAL HOUSE OF PANCAKES and American Mutual Insurance Company, Appellants,
v.
Lesli ELLIS, Appellee.
No. BK-194.
District Court of Appeal of Florida, First District.
August 6, 1986.
Mark L. Zientz, Williams & Zientz, Coral Gables, for appellants.
C. Randal Morcroft, Margate, for appellee.
WIGGINTON, Judge.
Appellants, employer/carrier, appeal the deputy commissioner's order awarding appellee additional temporary total disability benefits based on an upward adjustment of her average weekly wage from $128.17 per week to $200.00 per week, as a result of the deputy commissioner's finding that appellee received unreported tips. We reverse.
On September 27, 1984, appellee was injured in a work-related accident while employed as a waitress by appellant, International House of Pancakes. She has remained temporarily totally disabled since her accident. According to the employer's payroll records, appellee averaged $146.00 per week, including her tips. In his order, *455 however, the deputy commissioner found that the calculations of the parties, which included appellee's reported tips, wages and fringe benefits, indicated an average weekly wage of $128.17. Employer/carrier has paid temporary total disability benefits based upon an average weekly wage of $128.17. Appellee filed her claim seeking an increase in temporary total disability benefits because of her alleged higher average weekly wage due to her receipt of tips in excess of the amount she had reported.
At the hearing, Irene Carter, a waitress who has been employed by International House of Pancakes for nine years, testified that the restaurant has a tip reporting system requiring waitresses to report as tips 8 percent of their total day's sales in accordance with federal internal revenue service requirements. She stated that the waitresses were not required by the management to report actual tips and when she had attempted to report tips of more than 8 percent "once or twice," the managers told her to "stick to the 8 percent." She said that a waitress at the restaurant could make as much as $150.00 a week in tips and that she probably made more than $150.00 a week in total earnings. She indicated that sometimes 8 percent of her sales was a fair estimate of the tips she actually made, but she admitted that her reports of tips were based only on the 8 percent rule, not on actual tips, and she then indicated that she made more in tips than 8 percent.
Appellee testified that at the time of her accident, she was working in the restaurant four days a week as a waitress. She claimed that she had an average weekly wage of $200.00 a week due to the substantial tips she received. She stated that she kept records of her tips, but she could not find them and she also could not find her 1984 income tax return even though it had been requested by employer/carrier. She admitted that she did not think she had reported a greater income from tips on her tax return than was shown on her W-2 form from her employer, which was figured on the basis of her wages plus her reported tips which did not exceed 8 percent. She said that the restaurant's policy required that she report tips of only 8 percent of her sales. She further testified that, on the average, she received only 8 percent of her sales in tips, but then she later said that her employer's calculation of her earnings, which included only the 8 percent in tips, was incorrect because she did not report all of her tips  she only reported 8 percent. Even upon his own questioning of appellee, the deputy commissioner did not obtain a resolution of her totally conflicting testimony and could not elicit testimony from her in regard to actual dollar figures that comported with her claim of an average weekly wage of $200.00 per week. Appellee produced no independent proof of that claimed average weekly wage.
The record contains conflicting testimony as to whether appellee's employers knew that their waitresses reported less than their total tip receipts. The deputy commissioner concluded that the managers of the restaurant were aware generally of the amount of tips being earned by their waitresses and knew that no relationship existed between the actual tips earned and the 8 percent rule, which was followed merely to comply with IRS directions. He found that "the employer closed his eyes to the obvious and failed to make a good faith effort to determine the amount of gratuities received by the waitresses" creating a willful wall of ignorance and thereby failing to make a good faith effort to determine the amount of gratuities received by the waitresses.
Relying upon Sears, Roebuck and Company v. Viera, 440 So.2d 49 (Fla. 1st DCA 1983), the deputy commissioner found that the actual amount of income earned should not be limited by the tip reporting system used by the restaurant. He stated: "While this Court does not condone the failure by the claimant to report all income for tax purposes, the claimant should not be penalized by a reduction of benefits under the circumstances." He thereupon accepted the testimony of appellee that she earned $200.00 a week and based her entitlement *456 to temporary total disability compensation upon that figure.
Citing Holiday Inn v. Pope, 402 So.2d 1303 (Fla. 1st DCA 1981) and section 440.02(21), Florida Statutes, appellants urge that unreported wages may not be included in wage computations. Appellants also assert that the evidence in the record does not support the deputy commissioner's finding that the restaurant's management turned its back on the amount of tips actually being earned by the waitresses nor does the record contain sufficient evidence to support appellee's uncorroborated testimony that she earned $200.00 per week.
The record does contain conflicting evidence in regard to employer knowledge in this case. Thus, the deputy commissioner acted within his province in finding that the employer did have knowledge of appellee's unreported wages. See Viera. However, we otherwise agree with appellants that the evidence in this case does not support appellee's claim of a $200.00 average weekly wage. The only testimony supporting that claim is the testimony presented by her and by Ms. Carter. The testimony of both of those witnesses was very confusing and contained conflicting statements. Appellee presented no evidence to support her claim of additional tips that would boost her average weekly wage to $200.00 per week and even her testimony as to dollar figures did not support a $200.00 per week computation. Thus, due to the insufficiency of the evidence to support appellee's claim, we reverse and remand for further proceedings consistent with the holdings in this opinion.
SMITH and JOANOS, JJ., concur.