500 So.2d 614 (1986)
John W. HANKS, Appellant,
v.
TOM BRANTLEY'S TIRE BROKER and Orion Group, Appellees.
No. BL-433.
District Court of Appeal of Florida, First District.
December 22, 1986.
Rehearing Denied February 3, 1987.
Dorothy Clay Sims of Chalkley & Sims, P.A., Ocala, for appellant.
Jonathan D. Ohlman of Pattillo & McKeever, P.A., Ocala, for appellees.
PER CURIAM.
This cause is before us on appeal from a workers' compensation order denying inclusion of claimant's tips in the calculation of his average weekly wage and denying his claim for attorney fees. We reverse on the first point, affirm on the second, and remand.
Section 440.02(21), Florida Statutes, defines "wages" to include tips received by *615 an employee with knowledge of the employer. We hold that under this statute, when an employer has actual knowledge that gratuities are received by an employee, they are to be included in the calculation of average weekly wage unless the employer has established a reasonable reporting procedure with which the employee has failed to comply. Where a reasonable reporting procedure has been established, only those tips reported in compliance with the procedure may be included in the calculation.
Accordingly, we reverse and remand for proceedings not inconsistent with this opinion.
BOOTH, C.J., and MILLS and WENTWORTH, JJ., concur.