JOANOS, Judge.
In this worker’s compensation case, Preferred Aircraft Painting and CNA Insurance Companies, the employer and carrier, appealed a final order of the deputy commissioner. They argued that (1) the deputy commissioner erred in awarding catastrophic temporary total disability benefits, and (2) the deputy commissioner erred by including gratuities in the computation of claimant’s average weekly wage.
Claimant, Alfredo N. Duarte, is a 32-year-old Guatemalan male with a third grade education and fair grasp of the English language. Claimant was employed as a painter of airplanes, for which he often received tips from customers for work timely done. He sustained serious injuries as a result of a slip and fall on a wet floor while performing his duties. Claimant saw a family physician and then a chiropractor. Claimant’s condition became worse, and he sought treatment with Dr. Charles Phillips, an orthopedic surgeon. Claimant continued to work for Preferred Aircraft Painting until March 20, 1985, the day that Dr. Phillips performed extensive back surgery to improve claimant’s condition. Dr. Phillips performed a laminectomy, including a gill procedure and a posterolateral fusion from the L/4 level to the sacrum. Dr. Phillips’ diagnosis was spondylolisthesis of the L/4 and L/5 level and spondylosis at the L/5 level. Claimant was temporarily and totally disabled until July 19,1985, and he was paid temporary total disability benefits during this time.
Following surgery, claimant returned to work for appellant and, although he did not go back on a limited duty capacity, he performed lighter work than he had previously. Claimant did not receive further medical care until October 1986, wh'en he came under the care of Dr. Charles Frarac-cio, an orthopedic surgeon. Claimant discovered that he had trouble walking, and could no longer climb up on the planes to paint or strip them. Thus, claimant was not able to perform his primary tasks of employment.
Claimant went to Dr. Fraraccio complaining of back and leg pain; Dr. Fraraccio, who had all of Dr. Phillips’ notes regarding claimant’s treatment, felt that claimant had a herniated disc at the L/4 and L/5 level. Dr. Fraraccio’s interpretation of a CT scan done on claimant’s lumbar spine, was that the fusion was solid only from L/5 to S/1 and not up to L/4. Dr. Fraraccio explained that claimant’s pain shifted from his right side to his left side, due to a chemical neuritis that may alternatively effect either side or both. Dr. Fraraccio felt that pressure being exerted on the nerve roots, causing injury to the nerve roots, was the cause of claimant’s sciatic symptoms.
The deputy found credible claimant’s testimony that he had suffered a total loss of use of his legs as a result of his industrial accident, and found this case governed by the holding of Marriott In-Flite Services v. Garcia, 450 So.2d 569, pet. for rev. dismissed, 458 So.2d 273, (Fla. 1st DCA 1984). The deputy further found that the surgery was necessitated by the industrial accident, and that it was the injury or event which gave rise to the claimant’s total disability and inability to utilize his extremities in an industrial setting. Therefore, the deputy concluded that claimant is entitled to catastrophic loss benefits payable at 80% of his average weekly wage from the date of his surgery, March 21, 1985, until the time claimant returned to work, which was on July 19, 1985.
Further, the deputy found that claimant averaged $100 per week in tips for the thirteen week period before his accident. Relying on International House of Pancakes v. Ellis, 492 So.2d 454 (Fla. 1st DCA 1986), the deputy concluded that failure to report tips to the IRS is not a bar to including tips to arrive at a correct average weekly wage, where the employer was aware of the tips being received.
The record reveals competent substantial evidence to support the deputy’s award of catastrophic benefits. See Bordo Citrus Products v. Tedder, 518 So.2d 367 (Fla. 1st DCA 1987). Also, we find that the deputy *717 did not err in the decision to include tips received by claimant in the calculation of average weekly wage. See Hanks v. Tom Brantley’s Tire Broker, 500 So.2d 614 (Fla. 1st DCA 1986). Therefore, we affirm except as to one matter. We note that in the order the deputy found that claimant received an average of $100 weekly in tips. The record reveals that claimant testified he averaged $100 a month in tips for work done on weekends and rush jobs. He further testified that the tips were consistent for the entire time that he was employed. Therefore, we reverse in part and remand this case to allow the deputy to modify the order by reducing the amount of tips included in the calculation of average weekly . wage, consistent with claimant's testimony in the record.
AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
ERVIN and NIMMONS, JJ., concur.