WIGGINTON, Judge.
Before us is a workers’ compensation appeal and cross-appeal from the order of the judge of compensation claims awarding, inter alia, attendant care furnished by the claimant’s wife. We affirm the award of attendant care but reverse on the cross-appeal where the judge failed to include in claimant’s average weekly wage tips and unreported wages received by the claimant.
In regard to the tips, it was uncontested that the employer had actual knowledge that the gratuities were received but had failed to establish a reasonable reporting procedure. Hanks v. Tom Brantley’s Tire Broker, 500 So.2d 614 (Fla. 1st DCA 1987). These facts served to distinguish this case from the circumstances in Hyatt Hotel v. Peterson, 493 So.2d 1063 (Fla. 1st DCA 1986). Failure to report tips to the IRS is not a bar to their inclusion in arriving at a correct average weekly wage, where the employer was aware of the tips being received. Preferred Aircraft Painting v. Duarte, 532 So.2d 715 (Fla. 1st DCA 1988); International House of Pancakes v. Ellis, 492 So.2d 454 (Fla. 1st DCA 1986). Also, in Nash v. Holiday Inn at Calder, *1349 395 So.2d 306 (Fla. 1st DCA 1981), we held that it was error for the judge not to include tips in the computation of average weekly wage even though the only testimony of the amount of the tips was supplied by claimant’s testimony (although it was held that the judge did not have to accept the highest figure or even the lowest figure testified to by the claimant).
In regards to the unreported wages, it was essentially uncontroverted in the record by any competent evidence that claimant in fact received $450 weekly in cash “under the table,” although the employer only reported the $250 to the carrier as claimant’s wages. The employer’s production of the $250 check would not dispute claimant’s and his wife’s testimony that he received cash wages over and above that amount.
Accordingly, we remand this cause to the judge to recalculate claimant’s average weekly wage by including the tips and unreported wages.
SMITH and WENTWORTH, JJ., concur.