577 So.2d 619 (1991)
GENERAL REPAIR SERVICE, INC. and Auto-Owners Insurance Company, Appellants,
v.
Neil D. McKENZIE, Appellee.
No. 90-1801.
District Court of Appeal of Florida, First District.
March 18, 1991.
Rehearing Denied April 30, 1991.
Terry D. Dixon, of Sanders, McEwan, Mims & Martinez, P.A., Orlando, for appellants.
Brian B. Botlon, of Gierach & Gierach, P.A., Orlando, and Bill McCabe, of Shepherd, McCabe & Cooley, Longwood, for appellee.
WIGGINTON, Judge.
Appellants, E/C, appeal the Judge of Compensation Claims' award of temporary partial disability and wage loss benefits to appellee/claimant as a result of a January 1, 1986 work-related accident in which appellee injured his back. We reverse.
At the time of the accident, and at the time of the hearing before the JCC, appellee was employed by appellant General Repair Service, Inc. He is also the owner of that company. On the question of average weekly wage, appellee testified that he had earned $275 per week for each of the 13 weeks preceding his accident. He stated that he arrived at that figure by looking through his business checkbook and figuring out which checks he took from the company. He had check stubs from 1985 through 1989 showing checks payable to him but they did not denote for what the payments were made. He claimed that he had suffered a wage loss following his accident because, although he still worked every day, he was unable to work to the same extent as he had in the past and had to hire other help; thus he reduced his own salary to $230 per week.
E/C presented the testimony of appellee's accountant who stated that in 1985 as well as in other years, no salary was reported on appellee's income tax returns but that appellee did take compensation from the business in the form of rent, loan payments and interest payments. The pertinent tax returns, which are also in the record, show that appellant did not report to the Internal Revenue Service earnings from the company in the form of wages or salary during the time in question. Nevertheless, the JCC found that appellee's testimony of a $275 average weekly wage prior to the accident and $230 average weekly wage after the accident was reasonable. Thereupon, he awarded appellee temporary partial disability and wage loss benefits based on an average weekly wage of $335.57, which included a $60.57 insurance benefit.
Under the particular circumstances of this case, we find that the evidence before the JCC was not competent to support his *620 findings of average weekly wage and wage loss. The only evidence of an average weekly wage in the amount of $275 and a wage loss of $45 a week was appellee's testimony. He presented no documentary evidence to support his testimony in that regard. Since he was the employer as well as the employee, his reliance on check stubs, which did not denote any payment of wages to him, was insufficient in the absence of any other corroborating evidence since the only pertinent documentary evidence in the record, his income tax returns, refuted his testimony. We reject appellee's argument that cases involving an employee's failure to report tips or gratuities to the Internal Revenue Service are controlling here.[1] The instant case does not involve tips or gratuities and the cases relied upon by appellee do not involve a situation in which the employee is also the employer.
As to the facts of the instant case, we conclude: Since (1) appellee was both the employee and the employer, (2) as both employee and employer, he failed to report to the Internal Revenue Service any wages earned, (3) he kept such inadequate records that it is impossible to determine without his own testimony whether he was paid any wages, and (4) the only pertinent documentary evidence in the record contradicts his testimony, his testimony is incompetent on the issue of average weekly wage and wage loss. Consequently, appellee made no competent showing of any average weekly wage or wage loss in this case and therefore he is not entitled to any temporary partial or wage loss benefits.
The remaining points raised by appellants are hereby rendered moot.
REVERSED.
BOOTH and SMITH, JJ., concur.
NOTES
[1] See Preferred Aircraft Painting v. Duarte, 532 So.2d 715 (Fla. 1st DCA 1988); International House of Pancakes v. Ellis, 492 So.2d 454 (Fla. 1st DCA 1986); Sears, Roebuck and Company v. Viera, 440 So.2d 49 (Fla. 1st DCA 1983) and Holiday Inn v. Pope, 402 So.2d 1303 (Fla. 1st DCA 1981). Note that, as of 1990, the gratuity question has been addressed in section 440.02(24), Florida Statutes, which contains the definition of "wages" and provides that gratuities may be included in average weekly wage "to the extent reported to the employer in writing as taxable income received in the course of employment from others than the employer."