603 So.2d 680 (1992)
VALUE RENT A CAR, and Gulf Atlantic Claims Services, Appellants,
v.
Anthony LICCARDO, Appellee.
No. 91-3141.
District Court of Appeal of Florida, First District.
August 18, 1992.
Chester H. Budz, Jr., of D'Agostino & Budz, St. James City, and Diane H. Tutt, of
*681 Diane Tutt, P.A., Ft. Lauderdale, for appellants.
William L. Welker, of Goldberg, Goldstein & Buckley, P.A., Ft. Myers and Bill McCabe, of Shepherd, McCabe & Cooley, Longwood, for appellee.
JOANOS, Chief Judge.
The employer and carrier seek review of a workers' compensation order determining the average weekly wage of the injured employee/claimant. The issue is whether gratuities are includable in the calculation of average weekly wage, where the employer failed to establish a procedure for reporting gratuities received in the course of employment, and the employee failed to provide the employer with a contemporaneous written report of such gratuities. We affirm.
On December 10, 1990, the employee/claimant sustained a compensable back injury in the course of his employment as an airport shuttle van driver. On January 29, 1991, claimant filed a claim for benefits, seeking a correct determination of his average weekly wage, to include tips. The employer and carrier defended on the ground that the express language of the amended workers' compensation statute requires that tips includable in the computation of average weekly wage must be reported to the employer in writing, and such was not done in this case.
Claimant's duties involved meeting passengers at the airport terminal, loading their luggage in the employer's van, and driving the passengers to the location of the rental cars. Claimant also drove passengers from the rental car office to the airport terminal. At the hearing, claimant testified that he was hired for a forty-hour work week at a compensation rate of five dollars per hour, plus tips. Claimant stated that when he was hired, his supervisor advised him he would do very well with tips. Prior to his employment as an airport shuttle van driver, claimant had never worked in a position in which he earned tips.
The record reflects that claimant kept a daily written record of the tips he received, and that he reported the tips on his federal income tax return. Claimant testified that he had been advised by a mortgage loan officer that he would have to work for six months to a year with a steady income in order to obtain approval for a home loan. Claimant's prior income as a real estate agent had been insufficient and too irregular to enable him to qualify for loan approval. Claimant further testified that he had not been advised of any company policy against accepting tips, and had not been told that he should refuse any offered tips. In response to a query from the compensation claims judge, claimant said tips were offered to him openly in full view of the management staff in the employer's office.
A representative for the employer testified by deposition that shuttle van drivers are instructed not to solicit tips from customers, and that some employees had received disciplinary reports for accepting tips. The representative said the company does not have a written policy prohibiting drivers from accepting tips. She did not know whether claimant had been advised of the company policy against tips, but assumed that his supervisor had instructed claimant to this effect.
The challenged compensation order reflects that the judge found the claimant was unaware of the statutory provision, adopted July 1, 1990, which precludes inclusion of tips in the calculation of average weekly wage unless the tips are reported in writing to the employer. The judge further found the employer had no method of reporting tip income; the work rules furnished by the employer to its drivers contained no mention of tip income; if such a rule existed, the employee/claimant was never told of the work rule against accepting tips; and the employee was encouraged to believe, and accepted the job in the belief, that he would earn substantial tip income. Reasoning that nothing in the statute required that tips be reported contemporaneously with their receipt, absent a specific method of reporting provided by the employer, the judge found the employee/claimant was under no duty to disclose his tips at any particular time. Since the *682 employee/claimant kept adequate written records of his tip income and disclosed the records to the employer at the employer's first request, the judge found the claimant reported tips within the meaning of the statute, and included those tips in the computation of claimant's average weekly wage.
Prior to the 1990 changes in the statute, the language pertaining to inclusion of gratuities in the average weekly wage computation specified:
"Wages" means ... gratuities received in the course of employment from others than the employer, only when such gratuities are received with the knowledge of the employer.
See § 440.02(23), Fla. Stat. (1989).
Effective July 1, 1990, the legislature rewrote and renumbered the definition of wages to provide in pertinent part:
"Wages" means ... gratuities to the extent reported to the employer in writing as taxable income received in the course of employment from others than the employer ...
See § 440.02(24), Fla. Stat. (Supp. 1990) (Emphasis supplied).
The parties have not provided, and our independent research has not disclosed, a case construing the written reporting requirement for inclusion of gratuities in an average weekly wage calculation. Under the former version of the statute, where the employer had actual knowledge that gratuities were being received, but failed to establish a reporting procedure, the employee's failure to report tips to the Internal Revenue Service was not a bar to their inclusion in the calculation of average weekly wages. Sphnix Enterprises, Inc. v. Santa Cruz, 561 So.2d 1348 (Fla. 1st DCA 1990). See also Hanks v. Tom Brantley's Tire Broker, 500 So.2d 614, 615 (Fla. 1st DCA 1986) (where a reasonable reporting procedure has been established, only those tips reported in compliance with the procedure may be included in the calculation); Nash v. Holiday Inn at Calder, 395 So.2d 306, 307 (Fla. 1st DCA 1981).
On different facts, but similar reasoning, the court reversed an award of temporary partial disability and wage loss benefits to an employee/claimant, because the claimant's tax returns refuted his testimony that he received wages from his company. General Repair Service, Inc. v. McKenzie, 577 So.2d 619 (Fla. 1st DCA) review denied, 589 So.2d 291 (Fla. 1991). The employee/claimant did not report earnings from the company in the form of wages or salary to the I.R.S. during the relevant time period. The court found "the only pertinent documentary evidence in the record, his income tax returns, refuted his testimony [that he received pre-accident wages of $275 per week, and post-accident wages of $230 per week]." 577 So.2d at 620. The court held that while acting as both employer and employee, the claimant failed to report any wages earned to I.R.S., and kept such inadequate records that it was impossible to determine, without his own testimony, whether he was paid any wages.
In contrast to the situation in McKenzie, the claimant in this case kept a daily record of tips received, and reported those tips as income on his federal income tax return. Moreover, the record reflects that claimant was motivated to maintain such records to demonstrate a settled and regular income, so that he might qualify for a home building loan. The record further reflects that claimant's employment as an airport shuttle van driver was his first job involving gratuities, and that said gratuities were offered to claimant in plain view of the management-level employees in the employer's glass-walled office.
Claimant's employment was somewhat akin to that of a taxi driver, in that he provided transportation and loaded luggage. Common experience indicates that due to the very nature of the employment, gratuities are usually offered. Further, the record contains competent substantial evidence for the judge's findings that claimant was not apprised of a company rule against accepting gratuities, and the company made no reasonable effort to enforce such rule.
The revised statutory language concerning gratuities indicates legislative intent *683 that employers and carriers should receive adequate notice of all income received by employees in connection with the employment. Such knowledge is essential to rate setting for workers' compensation coverage, as well as for federal tax and social security purposes. However, as the judge of compensation claims found, the statute does not require an employee to provide such a written report of gratuities contemporaneously with their receipt. In a case such as this, where the employer has established no procedure for reporting tips, even though the nature of the employment is such that tips are common, we agree with the judge of compensation claims that the employee's provision of a written record of gratuities upon the employer's first request, together with reporting such gratuities for income tax purposes, constitute compliance with the statute.
Accordingly, the order of the judge of compensation claims is affirmed.
SHIVERS and WIGGINTON, JJ., concur.