659 So.2d 333 (1995)
Jeff MEHRER, Appellant,
v.
CREATIVE HAIRDRESSERS, INC. and CIGNA, Appellees.
No. 93-2830.
District Court of Appeal of Florida, First District.
March 29, 1995.
*334 Jerold Feuer, Miami and Vincent Lloyd of Lloyd, Hoskins & Pierce, P.A., Ft. Pierce, for appellant.
Jana E. McConnaughhay of McConnaughhay, Roland, Maida & Cherr, P.A., Tallahassee, for appellees.
KAHN, Judge.
Appellant, Jeffrey Mehrer, sought workers' compensation benefits for a back injury he sustained on March 1, 1992, while working as a hairdresser with Creative Hairdressers, Inc. Mehrer raises three points on appeal from the order entered by the judge of compensation claims (JCC): (1) whether the JCC erred in refusing to include any amount for tips in Mehrer's average weekly wage (AWW); (2) whether the JCC erred in denying temporary partial disability benefits prior to December 16, 1992, and in making findings based on Mehrer's deposition that was neither offered nor admitted into evidence by either party; and (3) whether the JCC erred in denying payment for the bills of Dr. Hooshmand, a treating, but unauthorized, neurologist. Because the denial of benefits before December 16, 1992, was properly based upon the lack of medical evidence of causation, we need not reach the second point. We affirm without discussion the point raised on cross-appeal. Although no error is shown in the exclusion of tips from AWW, the order on appeal will not support denial of Dr. Hooshmand's charges.
Mehrer testified that he averaged approximately $30.00 per day in tips for the five days a week that he worked and never made less than $25.00 per day. Nevertheless, the JCC found that Mehrer's tips should not be included in his AWW because Mehrer did not report them to his employer, pursuant to his employer's optional reporting policy, nor did he report them to the Internal Revenue Service. We find that the JCC's decision not to include tips in Mehrer's AWW is proper and supported by competent substantial evidence.
Section 440.02(24), Florida Statutes (1991), defines "wages" in pertinent part:
"Wages" means the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the injury and includes only the wages earned on the job where the employee is injured and does not include wages from outside or concurrent employment ... and gratuities to the extent reported to the employer in writing as taxable income received in the course of employment from others than the employer... .
(emphasis added). In Value Rent A Car v. Liccardo, this court considered the issue of whether tips are includable in a claimant's AWW if an employer has not established a tip reporting procedure and the employee has failed to provide the employer with a contemporaneous written report of tips. 603 So.2d 680, 681 (Fla. 1st DCA 1992). The Liccardo court allowed the claimant's tips to be included in his AWW because the statute does not require an employee to provide a written report of tips contemporaneously with their receipt:
In a case such as this, where the employer has established no procedure for reporting tips, even though the nature of the employment is such that tips are common, we agree with the judge of compensation claims that the employee's provision of a written record of gratuities upon the employer's first request, together with reporting such gratuities for income tax purposes, constitute compliance with the statute.
Id. at 683.
In this case, the JCC found that Creative Hairdressers had in place a policy for reporting tips. At the employee's election, tips could be reported to the employer for purposes of federal withholding tax. The JCC determined that this reporting procedure was not mandatory and most employees, including Mehrer, chose not to report tips to the employer; however, most employees, but not Mehrer, reported tips independently on their federal income tax returns. Thus, in contrast to the situation in Liccardo, the employer in this case did have an optional reporting system in place, but Mehrer elected not to utilize the system.
*335 Mehrer testified that he did not earn enough income in 1992 to file a tax return and, therefore, he did not report his tips to the Internal Revenue Service. The statute does not recognize an exception for nonfilers and, by its terms, encompasses such a situation by requiring a report to the employer. The requirement is logical. An employer (or carrier) who is not apprised of an employee's earnings is unable to assess and make provision for the risk of exposure for compensation benefits. Because Mehrer failed to provide his employer with a written record of the tips he says he received, such tips do not qualify as "wages" under a plain reading of the statute. See § 440.02(24), Fla. Stat.; Liccardo, 603 So.2d at 682-83. Accordingly, the JCC properly decided that Mehrer's tips should not be included in his AWW. In approving the JCC's decision, we reject appellant's contention that unless the employer's tip reporting system is mandatory, it is not reasonable as a matter of law.
Following his accident, Mehrer came under the care of several physicians including Dr. Sullivan, Dr. Cervone, and Dr. Stolzer. On November 9, 1992, Dr. Stolzer, a neurologist, released Mehrer to return to work without restrictions. Beginning on December 4, 1992, Mehrer repeatedly called the adjuster requesting treatment by a neurologist, but the adjuster did not respond to Mehrer's calls. On December 16, 1992, Mehrer saw Dr. Hooshmand. At the time of Mehrer's appointment, Dr. Hooshmand's office contacted the adjuster and the adjuster denied authorization. At some point after Mehrer started treating with Dr. Hooshmand, the E/C authorized another neurologist, Dr. Tobias, to treat Mehrer.
The JCC found that the E/C timely authorized alternative medical care for Mehrer and denied payment for the medical bills from Dr. Hooshmand. We find no competent substantial evidence to support this ruling. Nothing in the record indicates that Mehrer had an authorized physician after Dr. Stolzer released him on November 9, 1992. Indeed, the only record indication regarding authorization of physicians consists of notices of denial mailed to Mehrer after he requested payment for Dr. Hooshmand's bills. These notices were not placed in evidence before the JCC, and at best constitute mere allegations by E/C that another doctor had been authorized. An employer must furnish to an injured employee "such medically necessary remedial treatment, care, and attendance by a health care provider and for such period as the nature of the injury or the process of recovery may require." § 440.13 (2)(a), Fla. Stat. (1991). "If the employer fails to provide such treatment, care, and attendance after request by the injured employee, the employee may do so at the expense of the employer, the reasonableness and the necessity to be approved by a judge of compensation claims." § 440.13(2)(d), Fla. Stat. (1991). Because the E/C did not fulfill its obligation under section 440.13(2)(a), the JCC should have made a determination of the reasonableness and necessity of the treatment rendered by Dr. Hooshmand. Accordingly, we reverse the denial of payment for Dr. Hooshmand's bills and remand for proceedings consistent with this opinion.
Appellant seeks an award of appellate attorney's fees under section 440.34(5), Florida Statutes (1991). By the terms of this statute, fees on appeal may be awarded by the court "in its discretion, which shall be paid as the court may direct." In this case, the E/C should pay for so much of the appellate work as has resulted in a reversal of the denial of the medical bills, and we so order. If the parties are unable to agree to an amount, the fee will be set by the JCC.
AFFIRMED in part, REVERSED in part, and REMANDED.
DAVIS, J., and WENTWORTH, Senior Judge, concur.