ALLEN, Judge.
The employer/carrier appeal a workers’ compensation order by which unreported tips were included in the average weekly wage computation. The employer/carrier contend that this is contrary to the written reporting requirement in section 440.02(24), Florida Statutes (Supp.1990). We conclude that the employer/carrier may not rely on this provision when they have failed to adequately inform the claimant of her potential rights and responsibilities under the statute.
Section 440.02(24), Florida Statutes (Supp. 1990), defines wages to include:
*1375 ... gratuities to the extent reported to the employer in writing as taxable income received in the course of employment from others than the employer....
Prior to the enactment of this provision the case law limited gratuities to the reported amount only if the employer had implemented a reasonable reporting procedure. E.g., Hanks v. Tom Brantley’s Tire Broker, 500 So.2d 614 (Fla. 1st DCA 1986). Subsequent cases under this new enactment have continued to address the employer’s procedures, while recognizing that the statute now requires the claimant to make a written report of the gratuities. See Mehrer v. Creative Hairdressers, 659 So.2d 333 (Fla. 1st DCA 1995); Value Rent-A-Car v. Liccardo, 603 So.2d 680 (Fla. 1st DCA 1992).
In the present case the judge found that the employer’s procedures were confusing, and that the claimant was actually advised to report less than the total amount of her tips. The record indicates that the claimant was not properly informed of the reporting requirement in section 440.02(24), or the statutory consequences of a failure to fully report. Because the Workers’ Compensation Law is intended to be a self-executing employer/carrier monitored system, the employer/carrier are obligated to provide the claimant with adequate information regarding the conditions and requirements affecting her potential entitlement to benefits. Alberta v. American Freight Systems, 565 So.2d 378 (Fla. 1st DCA 1990); Wood v. McTyre Trucking, 526 So.2d 739 (Fla. 1st DCA 1988); Gall Silica Mining v. Sheffield, 401 So.2d 1169 (Fla. 1st DCA 1981). Consistent with these cases, the employer/carrier may not rely on the reporting provision in section 440.02(24), given their failure to apprise the claimant of this responsibility and the consequences of a failure to report.
The appealed order is affirmed.
DAVIS, J., and SHIVERS, Senior Judge, concur.