KAHN, Judge.
Claimant Diana Louise Miller challenges an order entered by the Judge of Compensation Claims (JCC) in this workers compensation ease. Claimant first argues that the JCC’s determination of the date of maximum medical improvement (MMI) is not supported by competent substantial evidence. She also argues that the JCC erred in limiting reimbursement for chiropractic bills to a time period between July 19,1993, and August 11, 1998. The MMI date selected by the JCC is supported by the record, but the case must be remanded for further proceedings on the denial of certain chiropractic benefits.
Miller suffered a compensable accident on March 24, 1992, and later filed a claim requesting temporary partial disability or wage loss benefits as well as reimbursement for bills incurred during treatment by Dr. Milo Yannucci, an unauthorized chiropractor. The employer took the position in the pretrial stipulation and also at hearing that Miller reached MMI on August 29, 1992, 26 weeks of wage loss had been paid, and therefore no further temporary partial or wage loss benefits were due. The JCC adopted the August 29,1992, MMI date.
On appeal, Miller urges that Dr. Wagner’s MMI report was actually made on August 26, 1992, and that he continued to provide remedial care to Miller after that date, in a manner inconsistent with MMI. Employer agrees that Dr. Wagner’s letter was sent on August 26, 1992, and urges that the extension of MMI by three days, if erroneous, could only be to the employer’s benefit, and the employer has elected not to file a cross-appeal. The MMI date is supported by Dr. Wagner’s report.
In the report, Dr. Wagner stated that Miller had sustained a three percent whole person impairment and that future treatment would be “palliative.” In his deposition, Dr. Wagner stated that when he last saw Miller on September 18, 1992, he thought she was at maximum medical improvement. He did not in the deposition offer a specific date prior to September 18, 1992, for MMI. Because Dr. Wagner’s report constitutes competent substantial evidence supporting an MMI date of August 26, 1992, the JCC’s selection of August 29 did not result in prejudice to the claimant. Accordingly, the MMI date must be affirmed. See Liberty. Mutual Ins. Co. v. Fuchs Baking Co., 577 So.2d 603, 606 (Fla. 1st DCA 1991)(apparent error in JCC’s finding of MMI date was harmless where no prejudice resulted to appellant).
After concluding her treatment with Dr. Wagner, claimant had a series of independent medical examinations. Apparently unsatisfied with any of the recommendations generated by these examinations, claimant requested chiropractic care on July 19, 1993. On August 11,1993, the employer authorized three chiropractors. Meanwhile, however, claimant began self-prescribed treatment with Dr. Vannucci on July 29, 1993. Dr. Vannucei continued treating claimant for about ten months, during which time he saw *856 little sign of significant improvement. Miller sought reimbursement for Dr. Vannucei’s care arguing that such care was reasonable and necessary and that the employer had untimely provided authorization of alternative chiropractic care. The JCC found that the employer “unreasonably delayed its authorization for alternative chiropractic care, and therefore, the claimant is entitled to recover the bills incurred between July 19, 1993, when the employer/carrier received the initial request for chiropractic care, and August 11, 1993, when the employer/carrier authorized a choice of three chiropractors for evaluation and treatment.” On appeal claimant argues the JCC erred by not ordering payment of all bills from Dr. Vannucci.
Under section 440.13(2), Florida Statutes, when a claimant requests alternative treatment, the employer must authorize such treatment, offer alternative treatment, or obtain a ruling from the judge that such treatment is not in the claimant’s best interest. Borges v. Osceola Farms Co., 651 So.2d 173, 175 (Fla. 1st DCA 1995). In this case, the judge made a determination based upon competent substantial evidence that alternative treatment was not timely provided. Nevertheless, the judge erred by not reaching the question of whether treatment provided by Dr. Vannucci was reasonable and necessary. “If the employer fails to provide such treatment, care, and attendance after request by the injured employee, the employee may do so at the expense of the employer, the reasonableness and the necessity to be approved by a judge of compensation claims.” § 440.13(2)(d), Fla. Stat. (1991); see Mehrer v. Creative Hairdressers, Inc., 659 So.2d 333, 335 (Fla. 1st DCA 1995).
If the JCC finds that the care of Dr. Vannucci was reasonable and necessary, a determination must also be made whether Miller was justified in choosing to remain under the care and treatment of her selected chiropractor, rather than switching to one of the choices untimely provided by the employer. Among the factors to be considered is whether claimant and Dr. Vannucci had established a doctor-patient relationship. Dubois Farms, Inc. v. Paul, 566 So.2d 923, 925 (Fla. 1st DCA 1990). Because the JCC did not address the questions of whether Dr. Vannucci’s care was reasonable and necessary, or whether claimant was justified in continuing with Dr. Vannucci after August 11, the case must be remanded for further proceedings. Although no finding of reasonableness and necessity was made as to the care provided by Dr. Vannucci before August 11, the employer has not cross-appealed and, therefore, this award should not be disturbed.
AFFIRMED in part, REVERSED in part, and REMANDED with directions.
DAVIS and BENTON, JJ., concur.