THOMAS, Acting Chief Justice:
We are asked to review a stereotyped order of the Full Commission approving an order of the deputy commissioner undertaking to settle the claim of the petitioner.
We were thus sent to the record and the original order itself to determine whether or not there was occasion to interfere. Although it seems to us thoroughly established that the petitioner was not a full-time employee, we have not found in the deputy’s order sufficient information with reference to the amount of compensation that should he awarded and the manner of computing it.
It is required by Sec. 440.25(3) (c) that an order rejecting or approving a claim “shall set forth a statement of the findings of fact and other matters pertinent to the questions at issue * * Adherence to the rule is necessary to an “intelligent review of the result” reached by the deputy commissioner. Hardy v. City of Tarpon Springs et al., Fla., 81 So.2d 503.
Our study of the deputy’s findings, and his report in toto, leaves us at a loss to understand how he arrived at the amounts awarded. Feeling that the findings are so unclear that it cannot be decided with accuracy whether the workman was awarded less than his due, as he contends, or more than he deserves, as is urged on behalf of the respondents, the order of the Full Commission is quashed, so far as it treats of the award of the compensation, as distinguished from the fixing of the status of the claimant as a part-time employee, with directions that the case he remanded to the deputy for revision consonant with the views here expressed.
ROBERTS, O’CONNELL, CALDWELL and HOBSON (Retired), JJ., concur.