289 So.2d 723 (1974)
James Monroe LOONEY, Petitioner,
v.
W & J CONSTRUCTION COMPANY et al., Respondents.
No. 44283.
Supreme Court of Florida.
January 16, 1974.
Rehearing Denied March 5, 1974.
*724 Bill McCabe of Meyers, Mooney & Adler, Orlando, for petitioner.
Edna L. Caruso of Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, West Palm Beach, for respondents.
CARLTON, Chief Justice.
Petitioner seeks review of an order of the Industrial Relations Commission which affirmed a compensation award made by a Judge of Industrial Claims on the bases that the award was supported by competent and substantial evidence and that the Judge of Industrial Claims had made sufficient findings of fact. Florida Constitution, Article V, § 3(b)(3), F.S.A.
The Judge of Industrial Claims found that the claimant in this case (petitioner) sustained a compensable accident when he fell from a flatbed truck to the pavement, "thereby suffering a contusion of the left kidney, accompanied by hematuria, fractured ribs, contusions of the right leg, and a lumbo-sacral strain or sprain." The Judge also made the following pertinent findings:
"Approximately two or three days after this industrial accident, while still hospitalized for the injuries sustained in said industrial accident, the claimant suffered a posterior myocardial infarction, and developed other respiratory and/or chest area complaints, variously diagnosed as acute and chronic hyperventilation syndrome, chronic bronchitis, etc. The undersigned Judge of Industrial Claims hereby finds that claimant's posterior myocardial infarction, and related chest complaints, are not causally related to this industrial accident... .
"That as a result of said injury, together with the claimant's subsequent cardiac condition and the disability caused thereby, although not causally related to the industrial accident, that claimant has suffered permanent total disability, suffering a total loss of wage earning capacity... .
"Having found above that claimant's cardiac condition, together with the other variously diagnosed chest or respiratory conditions, are not causally related to this industrial accident, that this portion of claimant's permanent total disability award must be apportioned out of the overall award. Therefore, having found that seventy-five percent of claimant's present permanent disability is attributable to his cardiac condition and/or other unrelated chest or respiratory conditions, seventy-five percent of this total disability award must be apportioned out of this overall award, and is not the responsibility or liability of the employer/carrier herein for payment... ."
Petitioner argues that the Judge of Industrial Claims erred in finding no causal relationship between his cardiac condition and his industrial accident and, therefore, erred in apportioning from his compensation award seventy-five percent of his total disability.
After a careful review of the entire record, we think that the facts presented in this case call for application of the rule we stated in Fisher v. Carroll Daniel Fisher Construction Co., 212 So.2d 289 (Fla. 1968), and many other cases, to the effect that when a serious injury is conclusively shown and the evidence presents a sufficiently logical explanation of a causal relationship between the accident and the subsequent injury, the employer, to defeat recovery, must show that another cause of the injury is more logical and consonant with reason. The medical records in this case and the petitioner's own testimony indicate that the heart attack was suffered on the first or second day after the accident, while petitioner was in the hospital following a severe trauma to the chest along with other injuries. The electrocardiogram taken shortly thereafter *725 substantiates this conclusion, as do the notes of the treating physician contained in the hospital records. The only examining physician to testify concluded that the heart attack was a result of the accident and subsequent hospitalization. There was no evidence of any previous heart trouble and there is no mention in the record of any other possible cause for the heart attack. It is clear to us that there is extensive evidence in this record which presents a logical explanation of a causal relationship between petitioner's accident and his subsequent heart attack; that there was no evidence presented by the employer to show a more logical cause; and that there is no competent and substantial evidence in the record to support a finding of no causal relationship.
The respondent, in its brief, can refer to only one portion of the entire record to support the Judge's finding of no causal relationship. In a letter from one of the examining doctors which outlines his impression of petitioner's condition, the effects of smoking, drinking, overeating, and certain respiratory problems on petitioner's present condition are discussed. It is clear, however, from the entire letter, that the doctor was not ascribing to these factors any causal relationship to the heart attack. He stated that the heart attack was precipitated by petitioner's fall from the truck and his subsequent injuries and hospitalization. He considered petitioner's drinking, smoking and overeating only to the extent that they affected petitioner's recovery from his heart attack. The doctor stated that he was unable to determine how much of petitioner's present total disability was caused by his heart attack and other injuries and how much is the result of the other factors he described.
The order of the Industrial Relations Commission affirming the Judge of Industrial Claims is, therefore, reversed. This cause is remanded to the Industrial Relations Commission with directions that it be further remanded to the Judge of Industrial Claims for the entry of a new compensation award consistent with the foregoing opinion. On remand, the Judge of Industrial Claims shall be directed to award compensation for the percentage of petitioner's present total disability caused by his heart attack, as well as the other injuries he received in his industrial accident. Only that portion of the disability which the record indicates is attributable to other factors, not related to the accident, may be apportioned from petitioner's award.
It is so ordered.
BOYD, McCAIN and DEKLE, JJ., concur.
ADKINS, J., dissents.