410 So.2d 571 (1982)
EXXON COMPANY, U.S.A., and Petroleum Casualty Company, Appellants,
v.
Fidel RODRIGUEZ, Appellee.
No. AC-415.
District Court of Appeal of Florida, First District.
February 16, 1982.
Rehearing Denied March 16, 1982.
*572 Barry A. Pemsler of Richard, Tharp & Pemsler, Miami, for appellants.
Jay M. Levy of Silver, Levy & Hershoff, Miami, for appellee.
WIGGINTON, Judge.
The carrier in this workers' compensation action challenges the award of certain medical expenses and wage-loss benefits, and it contests the deputy commissioner's finding that Rodriguez suffered a compensable anxiety reaction. The carrier also challenges the deputy's reservation of jurisdiction to award an attorney's fee based upon future benefits. On cross-appeal, the claimant argues that the deputy's award of a $1,700 fee was too low. We reverse in part.
Preliminarily, we affirm the deputy's finding that the claimant suffered a compensable injury. Rodriguez, a Cuban emigrant with a limited knowledge of the English language, was working as a mechanic at an Exxon gas station when he attempted to lift a wheel and experienced a sharp back pain. The station manager advised him to sit and rest but the pain became acute, so Rodriguez went home and summoned a doctor, who made a house call the following day. Meanwhile, Rodriguez noticed what he called "intestinal bleeding." He testified that he had never previously been treated for any problems with intestines, hemorrhoids, or his stomach. After three hospitalizations and batteries of tests, the treating physician diagnosed severe lumbar sprain and bleeding internal hemorrhoids.
The carrier contends it should not be responsible for medical expenses related to the bleeding hemorrhoids because the industrial accident did not create the hemorrhoids. Such a contention is of no consequence. Although the doctor testified the hemorrhoids were not caused by the accident, he also stated that the bleeding could have been caused by the lifting incident Rodriguez described. The combined testimony of the doctor and claimant established that the injury followed on the heels of the accident and that the activity involved in the accident could cause such an injury. There is no hint of any other cause of the bleeding, and no indication that any bleeding would have occurred but for the accident. From these facts, the deputy could properly infer a causal connection between the lifting incident and the onset of bleeding that required medical testing and treatment. See Looney v. W & J Construction Company, 289 So.2d 723 (Fla. 1974).
We also reject the carrier's argument that because the doctors and hospitals did not file reports as required by Section 440.13, Florida Statutes (1979), their bills are not the carrier's responsibility. When Rodriguez told the employer that he was in need of medical treatment, a supervisor furnished him an insurance card, bearing the name of the company's group insurer, to present at the hospital. The treating physician directed his bills to that carrier, and he was paid. As a result of this confusing situation which was created by the employer, *573 the doctor was led to believe he had satisfied his reporting requirements, while the hospitals and their physicians were unaware that this was a workers' compensation case. Under these circumstances, we find that the failure to file reports under § 440.13 was not fatal to Rodriguez' claim for these medical benefits. See Rodell v. Welty, IRC Order 2-3328 (Jan. 23, 1978) and cases cited therein.
Nevertheless, the deputy erred in awarding payment of medical expenses without record evidence of those expenses. Decks, Inc. of Florida v. Wright, 389 So.2d 1074 (Fla. 1st DCA 1980). Therefore, we remand on this point in order that claimant properly introduce the outstanding medical bills. See E.C. Ernst and Company, Inc. and Continental Casualty Company v. Grimmett, 9 FCR 341, cert. denied 336 So.2d 600 (Fla. 1976); Reedy Creek Improvement District Fire Department v. LaCorte, IRC Order 2-3696 (Feb. 9, 1979).
We must reverse the deputy's finding that Rodriguez suffered a compensable anxiety reaction as a result of this injury. Although Rodriguez and his physician both attested to the claimant's anxiety and nervousness, neither established a causal connection with the industrial accident. The doctor said he was unaware of the claimant's emotional condition before the accident, and Rodriguez' testimony never addressed the issue of causation. Therefore, Rodriguez did not show that his anxiety was a compensable injury as defined in the Workers' Compensation Act. See Section 440.02(6), Florida Statutes (1979).
The deputy's order is ambiguous as it erroneously implies an open-end award of wage-loss compensation benefits. This deficiency in the order might have been avoided by counsel's prompt application to the deputy. Failing such application and opportunity to correct, we must reverse this point in the order and remand for the deputy to delineate the period for which these benefits were awarded.
On remand, the deputy is also directed to modify the portion of the order in which he reserved jurisdiction to award "an additional attorney's fee based upon ... future compensation benefits which may be paid or awarded to claimant." See generally, City of Leesburg v. Padgett, 397 So.2d 732 (Fla. 1st DCA 1981); International Paper Company v. McKinney, 384 So.2d 645 (Fla. 1980). As the carrier has noted in its briefs, the deputy may, on remand, increase the attorney's fee award based on medical bills the claimant may introduce pursuant to this opinion. We disagree with the claimant's argument on cross-appeal that the deputy abused his discretion by awarding a $1,700 fee based on benefits he considered at the time of the hearing.
Accordingly, this cause is remanded to the deputy commissioner for proceedings consistent with this opinion.
LARRY G. SMITH and THOMPSON, JJ., concur.