THOMPSON, Judge.
The employer/earrier challenge a workers’ compensation order, contending that the Deputy Commissioner (deputy) erred: (1) in finding a causal relationship between claimant’s brain impairment and the accident; (2) in awarding claimant temporary total disability (TTD) benefits; (3) in finding the claimant 15% permanently and partially disabled; and (4) in awarding payment of certain medical bills. For the reasons enunciated below, the deputy’s finding of permanent partial disability (PPD) is not appealable at this time. We agree regarding the medical bills of Dr. Rose. The two remaining points are without merit.
In April 1978 the claimant sustained a compensable injury to various parts of his body, including his head and back. The deputy relied upon the testimony of Dr. Mutter, a psychiatrist, in concluding that claimant sustained organic brain impairment as a result of the accident. Despite the appellants’ contention to the contrary, there is competent substantial evidence to support such a finding. Based upon the opinion of Dr. Gilbert, an orthopedic surgeon, the deputy determined that claimant had sustained a 15% permanent partial disability as a result of the injury to his low back.
The deputy concluded that claimant had not yet reached maximum medical improvement (MMI) regarding the organic brain damage, but that claimant had reached MMI regarding the low back injury. However, the deputy only awarded claimant temporary benefits. This award is supported by competent substantial evidence. Since the deputy did not award claimant any permanent partial compensation benefits, the 15% PPD rating for claimant’s low back injury is an interlocutory ruling. Accordingly, although this rating is assigned as error, this issue is not presently appealable and we cannot consider it at this time.
The issue of medical bills is properly appealable at this time. The claimant was referred by an authorized doctor to Dr. Rose for an eye examination. The deputy ordered that the bill for Dr. Rose’s services should be borne by the employer/earrier. The bills for Dr. Rose’s services were not admitted into evidence. There is no evidence that Dr. Rose timely submitted the reports required by Section 440.13(1), Florida Statutes. This failure was not excused *1208 by the deputy, nor even mentioned in the order. Additionally, there was no showing as to why the bills were not so filed. The award of the payment of the medical bills for Dr. Rose’s services is therefore erroneous. See Decks, Inc. of Florida v. Wright, 389 So.2d 1074 (Fla. 1st DCA 1980); Holiday Inn v. Egry, 9 FCR 265 (1975), cert. denied, 330 So.2d 18 (Fla.1976). Accordingly, that portion of the order requiring appellants to pay the bill for Dr. Rose’s services is reversed.
In conclusion, we decline to address the issue raised by appellants concerning claimant’s 15% PPD rating since it is not ripe for our review. However, we reverse as to the award of the payment of the medical bills for Dr. Rose’s services. The order is affirmed as to the remaining issues on appeal. Accordingly, the order is affirmed in part and reversed in part.
•MILLS, J., concurs.
WENTWORTH, J., dissents in part and concurs in part.