411 So.2d 917 (1982)
AMERICAN GRINDING & EQUIPMENT, and Lumbermens Mutual Casualty Company, Appellants,
v.
Angel RODMAN and the Division of Workers' Compensation, Appellees.
No. AC-274.
District Court of Appeal of Florida, First District.
March 15, 1982.
Rehearing Denied April 16, 1982.
Summers Warden, Miami, for appellants.
Jay M. Levy of Silver, Levy & Hershoff, Miami, for appellees.
*918 PER CURIAM.
Upon review of the briefs and record in this worker's compensation appeal we find no reversible error presented, with exception of that portion of the deputy commissioner's order for payment of various medical bills by the employer/carrier. Appellee concedes that it was error to order payment of Dr. Miller's bill, and no request was made for payment of Dr. Mayer's bill.
We reverse the order for payment of the medical bills of Drs. Dooley, Sprier, Ray, Swerdlow, Holder and Barry. These bills were never introduced into evidence. See Decks, Inc. of Florida v. Wright, 389 So.2d 1074 (Fla. 1st DCA 1980). A bill from the Baptist Hospital of Miami, Inc., which was introduced into evidence, reflects total charges of $746.45. Whether there were additional charges by the hospital is not clear from the record. There is no bill for the TNS Stimulator in the record, and again, the record is unclear on how much appellee paid for it. All doubt and uncertainty concerning the amount of these charges can and should be removed on remand by the submission of written bills or statements to be received and marked as exhibits in the case.
According to the deputy commissioner's view of the evidence the E/C improperly failed to authorize the medical care provided by the above named doctors and the pain center, which was reasonable and necessary for treatment of claimant's injuries sustained in the accident, and of benefit to his recovery. We will not second-guess the finding of the deputy commissioner on this issue. However, it is necessary for the deputy commissioner to further find "good cause" to excuse non-compliance with the reporting requirements of Section 440.13(1), Florida Statutes, before ordering payment by the E/C. See Cedars of Lebannon Health Care Center, Inc. v. Summerset, 409 So.2d 185 (Fla. 1st DCA 1982), 1982.
We reverse the order for payment of the medical bills specified and remand for further proceedings and findings with respect to payment of these bills.
LARRY G. SMITH and WIGGINTON, JJ., concur.
ROBERT P. SMITH, Jr., Chief Judge, concurs and dissents with written opinion.
ROBERT P. SMITH, Jr., Chief Judge, concurring and dissenting.
Otherwise I concur, but I dissent from the Court's reversing the award of medical benefits to be paid treating physicians and remanding the case for a hearing where their bills may physically be introduced in evidence. If the issue here were simply whether medical bills must be put in evidence on timely objection by the employer/carrier to testimony or other forms of proof, I would agree that such a formalism seems to be required by a regrettable trend of recent decisions by this Court. But since there was no objection before the deputy to that other common form of proof, testimony concerning by the doctors or the claimant, I think the only question is whether that testimony formed a substantial competent basis for the deputy's award.
Chapter 440 is encrusted with enough formalisms and compulsory figures without our adding more. This particular one became entrenched beginning with Decks, Inc. of Florida v. Wright, 389 So.2d 1074 (Fla. 1st DCA 1980), which uttered this requirement without explaining it, citing Industrial Relations Commission decisions holding only that a causal relationship between the compensable injury and the medical benefits sought should be shown through some competent evidence, be it testimony or bills or both. Doty Exterminating Co. v. Jones, IRC Order 2-2617 (December 6, 1974); E.C. Ernest & Co., Inc. v. Grimmett, IRC Order 2-2882 (November 21, 1975), cert. den., 336 So.2d 600 (Fla. 1976). This wholly reasonable standard has now been transformed into a wooden necessity that medical expenses be evidenced by bills instead of other forms of evidence, including perhaps ledger sheets or testimony, which the deputy commissioner may find satisfactory. See Exxon Co., U.S.A. v. Rodriguez, 410 So.2d 571 (Fla. 1st DCA 1982); Iacobelli Contracting, Inc. v. Griffin, 409 So.2d 1206 (Fla. 1st DCA 1982).
*919 Some of the doctors who treated this claimant testified as to the amount of their bills and their causal relationship to the compensable injury. At no time did the carrier's counsel object that this testimony was not competent; at no time did he demand that the doctors or the claimant produce bills as a condition precedent to their testimony. He did not even ask for the bills in cross-examination. Nor did the deputy in this case award payment of medical bills in any particular amount. He simply determined that appellants were liable for certain doctors' medical care, determined to be related to the compensable injury. Because there was no dispute over the introduction of bills below, or their amount or reasonableness, I heartily agree that their introduction into evidence does "not appear to be indispensable." Griffin, supra (Went worth, J., dissenting in part and concurring in part).
A retroactive procedural requirement that medical bills be physically introduced in every case offers little of benefit to the operation of the worker's compensation system. It does promise this Court an unnecessary increase in its workload, already approaching staggering proportions. Only rarely is the amount or reasonableness of medical bills an issue before the deputy. These matters generally will be worked out by the parties or their counsel. Or at least they should be. If, as is usually the case, there is testimonial or other expert testimony about the causal relationship between bills and the compensable injury, the deputy does not need slips of paper in the record to determine the carrier's liability, his principal concern. While it would sometimes be handy for this Court to have the bills themselves in the record, that preference, announced retrospectively as though their omission until now were error, comes too late to commend this procedural nicety to the deputies in cases already decided and, presumably, already on their way to this Court.
The benefits of requiring introduction of medical bills are dubious and the disadvantages to this Court and the worker's compensation system are all too clear. I cannot agree that claimant's failure to introduce medical bills requires reversal and remand.