PER CURIAM.
The employer/carrier in this workers’ compensation case challenges the deputy commissioner’s award of temporary total disability benefits, temporary partial disability benefits, and medical benefits. The order appealed from is affirmed except for the award of temporary partial disability benefits, and medical benefits.
The deputy commissioner erred in awarding temporary partial disability benefits for the period during which the claimant was unable to work due to her pregnancy. On remand, the deputy may receive additional medical evidence relating to the duration of this period, but at least for the time between February 1, 1982, the date of the baby’s birth, and mid-March 1982, the date claimant was released to return to work by her obstetrician, it cannot be said that the claimant was unable to work due to her industrial injury.
In addition, we must reverse the award of wage loss benefits, and remand for reconsideration and clarification by the deputy, because we are unable to determine from the record on appeal, or from the order, how the computation of wage loss benefits is to be made. Freeman v. Acme Roof Decks, Inc., 173 So.2d 685 (Fla.1965).
Finally, we must reverse the award of medical benefits. Claimant’s medical bills were paid by her group insurance carrier. At the hearing below, there was no evidence of the amount of those bills, or whether there was a causal relationship between the compensable injury and the medical benefits sought, either by introduction of the bills, or during the live testimony of the physicians. American Grinding and Equipment Company v. Rodman, 411 So.2d 917 (Fla. 1st DCA 1982).
REVERSED and REMANDED for further proceedings not inconsistent herewith.
LARRY G. SMITH, JOANOS and NIM-MONS, JJ., concur.