562 So.2d 831 (1990)
David CHASE, Appellant,
v.
HENKEL & McCoy and Liberty Mutual Insurance Company, Appellees.
No. 88-3207.
District Court of Appeal of Florida, First District.
June 7, 1990.
*832 William W. Massey, III, Jacksonville, for appellant.
Mary Brand Love and Kristy D. Janda of Gobelman and Love, Jacksonville, for appellees.
SMITH, Judge.
Claimant appeals an order determining that the employer/carrier are not responsible for payment of certain doctor bills because the doctor did not submit his medical reports to the carrier and good cause did not exist for excusing the reporting requirement. We reverse.
Claimant injured his back while installing a telephone pole. He received treatment and was returned to work without restrictions. Thereafter, he requested chiropractic treatment, but the carrier refused authorization. The claimant then went to Dr. Fralicker, a chiropractor, on November 10, 1987. Initially, Dr. Fralicker submitted his reports and the carrier paid his bills. However, medical reports were not submitted to the carrier for services rendered by Dr. Fralicker after December 21, 1987. He testified that he stopped sending reports to the carrier after being told by the carrier that the billing was not authorized for workers' compensation and should be filed under a group health insurance policy. At approximately the same time, Dr. Fralicker was advised by the carrier that he was not authorized to treat the claimant.
After the carrier refused to authorize Dr. Fralicker, claimant filed a claim on February 19, 1988, seeking authorization of Dr. Fralicker. On the same date, claimant filed an application for hearing. On March 1, 1988, claimant was advised that the carrier was authorizing another chiropractor, Dr. Edwards. In the meantime, however, claimant continued treatment with his chiropractor, Dr. Fralicker.
Ultimately, a hearing was held before the judge of compensation claims, after which the judge determined that Dr. Fralicker's treatment was reasonable and necessary and causally related to claimant's industrial accident. However, the judge ruled that the employer/carrier was not responsible for Dr. Fralicker's bills between December 22, 1987, and September 20, 1988, because Dr. Fralicker failed to submit his medical reports. The judge reasoned that the employer/carrier, having authorized chiropractic care, albeit untimely, were not sent the reports required by law and to hold them responsible in this circumstance would require them to pay for services of which they were unaware.
Pursuant to section 440.13(2), Florida Statutes (1987), the employer is required to furnish the claimant medically necessary treatment, and should such treatment not be provided after request, the claimant may seek such treatment at the expense of the employer, the reasonableness and necessity to be approved by the judge of compensation claims. The statute provides for a separate reporting requirement which the doctor must comply with in order to be paid; but the judge may excuse, for good cause, the doctor's failure to furnish reports.
Past decisions of this court have held that once a claimant requests chiropractic treatment, the E/C must authorize the chiropractic treatment, offer alternative chiropractic care, or obtain a ruling from the judge that such alternative care was not in the claimant's best interest. The E/C's failure to comply renders them responsible for unauthorized chiropractic treatment if it is determined to be reasonable and necessary. Jackson v. Publix Supermarkets, Inc., 520 So.2d 50 (Fla. 1st DCA 1987); Kirkland v. Harold Pratt Paving, Inc., 518 So.2d 1320 (Fla. 1st DCA 1987). However, should the E/C authorize alternative chiropractic care, and the parties do not agree to a treating doctor, in a non-emergency situation it is the claimant's burden to seek a decision through the judge or risk being required to pay the bill. Wackenhutt Corp. v. Freilich, 464 So.2d 217 (Fla. 1st DCA 1985). If the claimant fails to ask for a resolution of the deadlock, he is responsible for the charges up to the hearing. Id. With regard to the separate *833 requirement upon the doctor to timely file reports, it has been held that where the doctor files his reports with the group health insurer rather than the workers' compensation carrier because of a confused legal situation, this constitutes good cause excusing the reporting requirement, and failure to file is not fatal. Exxon Co., U.S.A. v. Rodriguez, 410 So.2d 571 (Fla. 1st DCA 1982).
Here, when claimant requested chiropractic treatment, the E/C refused authorization and did not offer alternative chiropractic care or obtain a ruling from the judge that such alternative care was not in claimant's best interest. Claimant then began a doctor-patient relationship with his treating chiropractor, Dr. Fralicker, and filed a claim seeking authorization of Dr. Fralicker and payment of his bills. Several months after claimant first requested chiropractic treatment, during which time claimant had been seeing his treating chiropractor, Dr. Fralicker, the carrier untimely authorized another chiropractor. Under the circumstances, it is our view that claimant was justified in choosing to remain under the care and treatment of his treating chiropractor pending a ruling by the judge of compensation claims. To rule otherwise would mean that claimant would have to terminate with his treating chiropractor while awaiting a ruling on his claim. We find no basis in logic and reason, or in the law, for such a requirement.
Here, the judge determined that Dr. Fralicker's treatment was reasonable and necessary. Thus, under the statute and cited cases, there is no impediment to Dr. Fralicker's bills being paid, except for the reporting requirement. On this point, we must disagree with the judge below. As mentioned above, Dr. Fralicker was advised by the carrier that billing was not authorized for workers' compensation and should be filed under claimant's group health insurance policy. The carrier's failure to receive reports was of its own doing, and this is sufficient, in our judgment, to excuse his failure to file the medical reports in question. Exxon Co., U.S.A. v. Rodriguez, supra. As for claimant's failure to introduce the actual bills into evidence at the hearing below, we note that Dr. Fralicker testified as to the amount of his charges and explained the reasonableness and necessity of the treatment, which testimony the judge accepted as true. Because the record establishes the causal connection between the charges and claimant's injury, and there is testimony as to the amount of charges, it was error to deny recovery. Jung v. City of Sarasota, 457 So.2d 577 (Fla. 1st DCA 1984).
REVERSED and REMANDED.
WENTWORTH and WIGGINGTON, JJ., concur.