566 So.2d 923 (1990)
DUBOIS FARMS, INC. and United States Fidelity & Guaranty Company, Appellants,
v.
Marie Carmelle PAUL, Appellee.
No. 89-3345.
District Court of Appeal of Florida, First District.
September 13, 1990.
*924 Shelley M. Punancy of Beisler & Beisler, West Palm Beach, for appellants.
Gerald Piken and Paul E. Susz of The Law Offices of Gerald Piken, P.A., North Miami, for appellee.
SMITH, Judge.
The employer/carrier (E/C) appeal an order of the Judge of Compensation Claims (JCC) awarding payment of doctor bills and including the cost of employer-provided transportation in claimant's average weekly wage (AWW). We affirm.
The accident in which claimant was injured occurred when an employer-operated bus in which claimant was being transported to work suddenly swerved out of control and careened down an embankment. After the accident, the employer continued to transport claimant to the field, and only after she persistently complained of pain was she taken to the emergency room at Glades General Hospital, located in Belle Glade. After being treated and released the E/C offered follow-up care at a Delray Beach facility, rather than one located in Belle Glade, her home. Claimant testified, however, that she was in too much pain to make the trip to Delray. Claimant then began treatment with Dr. Kaplan, a chiropractor, and requested authorization from the E/C. The E/C responded by authorizing doctors 40-50 miles away from claimant's home, even though they knew such a trip would be too difficult for claimant. Claimant filed a claim seeking authorization of Dr. Kaplan. Not until thirty-four days after the accident and twenty-four days after the request for authorization of Dr. Kaplan did the E/C authorize a local doctor, and by that time Dr. *925 Kaplan and claimant had established a doctor-patient relationship. As we recently ruled in Chase v. Henkel & McCoy, 562 So.2d 831 (Fla. 1st DCA 1990), under the circumstances, claimant was justified in choosing to remain under the care and treatment of her treating chiropractor, Dr. Kaplan, pending a ruling by the JCC; and upon the JCC's subsequent ruling that Dr. Kaplan's treatment was reasonable and necessary, the E/C became responsible for payment of his bills. Id.
Next, the JCC properly included the cost of employer provided transportation in claimant's AWW.[1]Bright v. City of Tampa, 546 So.2d 1122 (Fla. 1st DCA 1989) (personal benefit derived by claimant, a police officer, through his use of city patrol car for transportation to and from work should be considered in calculating AWW); Carruth v. Allied Products Co., 452 So.2d 634 (Fla. 1st DCA 1984) (value of employer provided transportation included in AWW); and Layne Atlantic Co. v. Scott, 415 So.2d 837 (Fla. 1st DCA 1982) (employer provided benefit representing a real and reasonably definite economic gain to the employee included in AWW).
The E/C argue that under the newly amended section 440.02(21), Florida Statutes (1987)[2] an item must be either specifically listed in the definition of wages or be any other consideration that is gross income under the Internal Revenue Code. With regard to the latter, the E/C urges an analysis involving "gross income" defined in section 61 of the Internal Revenue Code and the accompanying deductions from "gross income" set forth in the Code.[3]
However, we do not agree with the E/C's interpretation of the language of section 440.02(21). In section 440.02(21), the Legislature included "any other consideration received from the employer that is considered income under the Internal Revenue Code in effect on January 1, 1987." The Legislature did not say "gross income" or reference section 61 of the Internal Revenue Code which defines "gross income,"[4] or otherwise evidence an intent that "wage" concepts under the workers compensation law should be governed by strict tax concepts of "gross income" under the Code and the Congressionally enacted exclusions from "gross income."[5]
Instead, it is our view that by its use of the word "income" in section 440.02(21), the Legislature intended this court to be guided by the broad concept of "income" under the Code in arriving at a determination of what consideration is includable in AWW.
"Income" for purposes of the Internal Revenue Code means all accessions to wealth, in any form, realized by a person, or from which a person receives a benefit. See Commissioner of Internal Revenue v. *926 Glenshaw Glass Co., 348 U.S. 426, 75 S.Ct. 473, 99 L.Ed. 483 (1955); and Lonsdale v. CIR, 661 F.2d 71 (5th Cir.1981).
Thus, because employer provided transportation meets this definition, and falls within the same category as employer provided meals and lodging and represents a real and reasonably definite economic gain to claimant, we agree that the value of this benefit is includable in AWW.
AFFIRMED.
WIGGINTON and BARFIELD, JJ., concur.
NOTES
[1] Transportation by bus was provided by the employer to claimant and numerous other workers from a central location in Belle Glade to the outlying fields in which the workers were needed on a day-to-day basis. On the day of the accident, claimant was being transported from Belle Glade to a field in the Delray Beach area some 40-50 miles away.
[2] Section 440.02(21) provides in pertinent part:

"Wages" means the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the injury, together with the reasonable value of board, rent, housing, lodging; employer contributions for uniforms or cleaning allowances; employer contributions for life, health, accident, or disability insurance for the employee or dependents, excluding social security benefits; contributions to pension plans to the extent that the employee's rights have vested; any other consideration received from the employer that is considered income under the Internal Revenue Code in effect on January 1, 1987; ... .
[3] Section 124 of the Internal Revenue Code provides that "gross income" of an employee does not include the value of qualified transportation provided by the employer between the employee's residence and place of employment.
[4] Section 61 of the Internal Revenue Code defines "gross income" as "all income from whatever source derived."
[5] Interestingly, among those items specifically excluded from "gross income" under the Code are contributions by the employer to accident and health plans (section 106 of the Internal Revenue Code); and meals or lodging furnished for the convenience of the employer (section 119 of the Internal Revenue Code), items which are specifically included in the definition of wages by section 440.02(21).