PER CURIAM.
In this workers’ compensation case, the employer/self-insured (e/s-i) challenges an *857 order of the Judge of Compensation Claims (JCC) awarding the claimant palliative chiropractic care from Dr. William Tarlton. Finding no competent substantial evidence to support the award, we reverse.
The claimant had a compensable accident while working for e/s-i on December 14, 1987. The claimant treated with Dr. Elliot Lang, an orthopedic surgeon, and Dr. William Tarlton, a chiropractor. Initially, claimant complained of tenderness in her left lower extremity, but her complaints eventually came to include her back as well. Maximum medical improvement was attained in March 1988. As part of a July 1988 lump sum settlement, e/s-i agreed to pay medical bills that had accrued since the accident, leaving open the question of future medical. In April 1989, the claimant returned to Dr. Tarlton, but e/s-i’s refusal to authorize further chiropractic treatment gave rise to the instant claim. Complicating this case is the fact that claimant had preexisting back problems resulting from a non-industrial slip and fall accident in 1984.
After reviewing depositions from Drs. Lang and Tarlton concerning the need for palliative chiropractic treatment, the JCC concluded “that both doctors are in agreement that the claimant is in need of palliative treatment on an ‘as needed’ basis as a result of the injuries sustained by the claimant on December 14, 1987.” The JCC held e/s-i responsible for continuing chiropractic care, and this appeal followed.
Because all the medical testimony was introduced by deposition, this court’s vantage point in interpreting the medical evidence is not inferior that of the JCC. Hidden Harbor Boatworks v. Williams, 566 So.2d 595 (Fla. 1st DCA 1990). Our evaluation of the depositions leads us to conclude that Drs. Lang and Tarlton did indeed agree as to the claimant’s need for palliative care. However, we disagree with the JCC’s finding that both doctors causally related such need with the December 1987 compensable accident. The closest Dr. Tarlton came to making a causal connection was his testimony that the compen-sable accident aggravated claimant’s preexisting condition, and that continuing palliative care would be needed for any future exacerbations. He could not determine whether the compensable accident permanently worsened the preexisting condition, explaining that he could not “take the scramble out of the egg.” Dr. Lang, who treated the claimant before and after the December 1987 industrial accident, opined that claimant had no need for remedial treatment after March 1988, and her need for palliative care related back to her preexisting condition. According to Dr. Lang, any current symptoms would be the result of claimant’s previous 1984 injury. In short, there is no competent substantial evidence establishing a causal relationship between the need for the claimed palliative care and the compensable industrial accident.
Accordingly, the order on appeal is REVERSED.
ZEHMER, BARFIELD and MINER, JJ„ concur.