651 So.2d 173 (1995)
Angel BORGES, Appellant,
v.
OSCEOLA FARMS COMPANY & National Employers Company, Appellees.
No. 93-2029.
District Court of Appeal of Florida, First District.
February 21, 1995.
Rehearing Denied March 27, 1995.
*174 Roberto Rigal, Jr., of Levin, Busch, Schnepper & Stein, P.A., Miami, for appellant.
Timothy M. Basquill of Beisler & Beisler, West Palm Beach, for appellees.
ERVIN, Judge.
Angel Borges, the claimant below, appeals from a workers' compensation order denying permanent total disability (PTD) benefits and reimbursement for medical bills for services rendered by Dr. Cohen. Because the judge of compensation claims (JCC) relied solely on claimant's work search in denying PTD benefits and did not consider other relevant and pertinent factors, we reverse the denial of PTD benefits. We affirm, however, the denial of payment for Dr. Cohen's past bills, as the doctor was not authorized, alternative chiropractic care was offered and the treatment was not rendered in an emergency situation.
The JCC correctly found that there was no medical evidence to support a finding of PTD; however, he erred by denying PTD benefits based on a finding that claimant's work search was not sufficiently exhaustive and lengthy to warrant such an award. In so saying, we note that all the physicians' testimony was presented by deposition, as was that of the vocational experts. Consequently, this court's vantage point is not inferior to that of the JCC in considering such evidence. Metropolitan Dade County v. Pope, 615 So.2d 856, 857 (Fla. 1st DCA 1993); Severini v. Pan Am. Beauty Sch., Inc., 557 So.2d 896, 897 (Fla. 1st DCA 1990); Haga v. Clay Hyder Trucking Lines, 397 So.2d 428, 431 (Fla. 1st DCA), review denied, 402 So.2d 609 (Fla. 1981).
The law is clear that in passing on the sufficiency of a work search, the JCC must decide whether claimant's efforts were reasonable and performed in good faith in light of all the relevant circumstances: physical impairment, age, industrial history, training, education, motivation, work experience, work record, and diligence. Edwards v. Caulfield, 560 So.2d 364, 375 (Fla. 1st DCA 1990). Accord Gill v. USX Corp., 588 So.2d 1035, 1037-38 (Fla. 1st DCA 1991) (adequacy of *175 work search is just one factor in determination of benefits; other factors include age, education, work history, etc.); GCC Beverage v. Simmons, 571 So.2d 59, 60 (Fla. 1st DCA 1990) (adequacy of work search is a factual matter which is dependent on the totality of the circumstances); Flesche v. Interstate Warehouse, 411 So.2d 919, 922 n. 3 (Fla. 1st DCA 1982) (there are a number of criteria by which wage-earning capacity must be measured and no single factor is conclusive).
Here the evidence discloses that claimant is presently 69. He neither speaks nor writes English, nor does he have the equivalent of a high school education. His work history consists mainly of manual labor. Although his physical impairment is only six percent, it nevertheless restricts him from carrying out his former employment, as well as all other jobs he has held since moving to the United States. Moreover, claimant submitted work search forms indicating approximately 400 contacts from July 1991 through November 1992, and while he admittedly only contacted those employers by telephone, the E/C did not offer any assistance to claimant, who was too poor to afford transportation. See Gill, 588 So.2d at 1037 (the JCC, in considering the adequacy of a work search, should consider the E/C's failure to provide job search assistance or rehabilitation benefits). Claimant testified that after he told the potential employers about his injuries and restrictions, he was never offered a job. Based on the above considerations, we conclude that claimant has amply demonstrated that he is PTD as a result of his industrial injury, and we therefore reverse the order to the extent that it denies him PTD benefits and remand with directions to award same.
As for the claim for reimbursement of Dr. Cohen's past chiropractic services, the law provides that once a claimant requests chiropractic care, the E/C must authorize such care, offer alternative chiropractic care, or obtain a ruling from the JCC that such alternative care is not in the claimant's best interest. If the E/C does provide alternative care and the parties do not agree on the physician offered, then, in a nonemergency case, it is the claimant's burden to seek a decision through the JCC or risk being required to pay the bill. § 440.13(2), Fla. Stat. (Supp. 1990); Chase v. Henkel & McCoy, 562 So.2d 831, 832 (Fla. 1st DCA 1990); Jackson v. Publix Supermarkets, Inc., 520 So.2d 50, 51 (Fla. 1st DCA 1987). Moreover, the authorization of neurological or orthopedic care does not satisfy the E/C's obligation to authorize chiropractic care upon request for same. Kirkland v. Harold Pratt Paving, Inc., 518 So.2d 1320, 1325 (Fla. 1st DCA 1987), review denied, 525 So.2d 878 (Fla. 1988).
Here, claimant requested chiropractic care via a claim form dated April 15, 1991. Authorization was denied as to Dr. Cohen by telephone conversation between his office and the claims adjuster on April 15. Although the E/C's authorization of three orthopedists on April 29 did not satisfy its obligation to offer alternative chiropractic care, Kirkland, the JCC concluded that the E/C's subsequent authorization of three chiropractors on May 3, 1991, fulfilled its duty. Appellant has offered no authority to support his argument that a 17-day delay in authorizing requested chiropractic care constitutes a failure of E/C's obligations. Moreover, we note the E/C fulfilled its duty under section 440.19(1)(f)7, Florida Statutes (Supp. 1990), to controvert the claim within 21 days of the claim's receipt by the division. Therefore, we agree with the JCC that the E/C satisfied its obligation to provide medical care.
Assuming that the E/C did fulfill its duty in offering alternative care, it then became claimant's burden, upon his objection to the authorized care, to obtain a ruling from the JCC that the alternative care was not in his best interest or he risked being required to pay Dr. Cohen's bills.[1]Chase. The JCC implicitly found that claimant did not satisfy his burden as he had other authorized doctors available to him. This finding is supported by the record because the E/C had authorized both orthopedists and chiropractors. Thus, we affirm the denial for payment of Dr. Cohen's past bills and the mileage *176 reimbursement.[2] The JCC apparently concluded, however, that it was in claimant's best interest to continue treatment with Dr. Cohen based on the satisfactory doctor-patient relationship and therefore authorized the doctor for future care. See § 440.13(3), Fla. Stat. (Supp. 1990) (JCC may determine that change in medical treatment is not in claimant's best interests). As this finding is supported by competent substantial evidence in the record, there was no error in this regard.
AFFIRMED in part, REVERSED in part and REMANDED for further proceedings consistent with this decision.
JOANOS, J., concurs.
BARFIELD, J., concurs and dissents with opinion.
BARFIELD, Judge, concurs and dissents.
I concur in the majority opinion with the exception of the outright award of permanent total disability benefits to the claimant. While the compensation order addressed many of the problems and limitations of the claimant as outlined in the majority opinion, it does appear to deny claimant permanent total disability benefits on the basis of an insufficiently exhaustive work search. It is my understanding of our function that we test the sufficiency of the order against the presence of competent substantial evidence in the record. When we find that the determination of the judge of compensation claims does not address the relevant evidence touching upon an issue, we send that matter back for further consideration in light of the overlooked matters in the record, rather than weighing those factors and resolving the matter for the judge of compensation claims. While I am inclined to agree that the evidence in this record is very persuasive of an award of permanent total disability benefits, I think we should leave that to the judge of compensation claims, as it is his responsibility.
NOTES
[1] There is no evidence that Dr. Cohen's care was required for a medical emergency.
[2] In so saying, we reject claimant's argument that the E/C tacitly authorized Dr. Cohen by not filing its notice of denial as to Cohen's authorization until June 11, or a period of more than 21 days after the division's receipt of the claim. The record clearly shows that the claims adjuster told Dr. Cohen's office that he was not authorized on April 15.