PER CURIAM.
The judge of compensation claims (JCC) erred in including in claimant’s average weekly wage (AWW) the employer’s contributions to claimant’s pension and medicare benefits. As we explained in Vegas v. Globe Security, 627 So.2d 76, 83 (Fla. 1st DCA 1993) (en bane), review denied, 637 So.2d 234 (Fla.1994), the amended definition of wages found in section 440.02(24), Florida Statutes (1993), sharply curtailed the fringe benefits that could be considered in calculating an employee’s AWW. Pension benefits, since the enactment of the amendment, are no longer included. Cable Vision of Cent. Fla. v. Armes, 629 So.2d 274 (Fla. 1st DCA 1993). Nor do we believe that the adoption of the amendment has in any way affected our pre-amendment decision in Munroe Regional Medical Center v. Ricker, 489 So.2d 785 (Fla. 1st DCA 1986), which held the inclusion of social security taxes in a worker’s AWW was incorrect because such benefits have no “real present day value,” in that Congress has retained the right to alter the amount of benefits and the terms of entitlement under the Social Security Act. Accordingly, we reverse that portion of the order which included in claimant’s AWW pension and medicare contributions as fringe benefits.
We reverse and remand as well for clarification of the JCC’s award of penalties, because we cannot determine from the record whether the employer controverted the claim within 21 days following the service on it of the petition for benefits. From our review of the record we find that the petition was dated March 24, 1995, and the employer’s notice of denial was dated May 23, 1995, which, on its face, clearly exceeds the 21-day *5 period. The notice states, however, that it was filed in response to a claim dated May 9, 1995. Moreover, the parties’ pretrial stipulation reflects that a claim was made on May 9, 1995.
REVERSED and REMANDED for further proceedings.
BARFIELD, C.J., and ERVIN and KAHN, JJ., concur.