KAHN, Judge.
In this workers’ compensation case, the Judge of Compensation Claims (JCC) found that the claimant, Maureen Muscanell, was entitled to have vested sick leave included in her average weekly wage (AWW). Because the workers’ compensation law now severely limits fringe benefits, and cannot be read to include sick leave as an element of AWW, we reverse.
Muscanell was employed by the Orange County School Board as a bus driver when she suffered a compensable injury on December 8, 1995. At issue in the hearing below was whether Muscanell’s vested sick leave, earned during the 13 weeks before her injury, should be included in her AWW. The JCC found that Muscanell earned 23 hours of sick leave during the 13 weeks before the industrial accident. Based upon Muscanell’s hourly pay rate of $8.29, the total monetary value of this sick leave would be $190.67. The JCC further found that 35 percent of this sick leave represented a vested entitlement that Muscanell could collect by reason of being, sick or if she left her employment. Accordingly, the JCC assigned a value of $66.73 for vested sick leave for the 13 weeks prior to the injury, and increased Museanell’s AWW by $5.13.
The employer, Orange County School Board, does not challenge the computation of the sick leave, but rather challenges its inclusion in AWW. Specifically, the School Board takes issue with the following finding of the JCC:
4. The facts are clear that the claimant has been employed for a sufficient amount of time so that a portion of her sick leave is vested and if she should leave employment with the employer she would be paid for a portion of her sick leave. Inasmuch as the sick leave is vested and is a calculable amount of money¡ I find that in fact it is compensation and is to be paid to her as part of her wages and should be used to increase her average weekly wage. The facts are equally clear that the vested sick leave will be taxed when the employee collects it either when she is sick or when she leaves the employment and is paid for the vested sick leave. Therefore the vested sick leave is in fact wages as defined by Fla. Stat. 440.02(24)(1994), as earned and reported (when paid for federal income tax purposes).
Appellants correctly note an evolutionary process in the statutory definition of wages over the years before the compensable injury in this case. The statutory definition of wages changed in 1990, and again in 1993. The most recent definition, codified at section 440.02(24), Florida Statutes (1995), defines wages as follows:
“Wages” means the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the injury and includes only the wages earned and reported for federal income tax purposes on the job where the employee is injured and any other concurrent employment where he is also subject to workers’ compensation coverage and benefits, together with the reasonable value of housing furnished to the employee by the employer which is the permanent year-round residence of the employee, and gratuities to the extent reported to the employer in writing as taxable income received in the course of employment from others than the employer and employer contributions for health insurance for the employee or the employee’s dependents. However, if employer contributions for housing or health insurance are continued after the time of the injury, the contributions are not “wages” for the purpose of calculating an employee’s average weekly wage.
*1028 Without doubt, the major revisions of the Workers’ Compensation Act in 1990 and 1993 have limited employee fringe benefits that may be included in AWW. See, e.g., Curry Indus. v. Maringer, 691 So.2d 4 (Fla. 1st DCA 1997); Cable Vision of Cent. Fla. v. Armes, 629 So.2d 274 (Fla. 1st DCA 1993); Rudd Sod Co. v. Reeves, 595 So.2d 254 (Fla. 1st DCA 1992). Viewing the wage definition statute as a whole, it is clear to us that the Legislature intended that wages would be limited to monies paid the employee at the “rate at which the service rendered is recompensed under the contract of hiring.” The Legislature has taken great pains to strip away any possibility of an employee increasing her AWW by fringe benefits other than those specifically mentioned in the statute. Sick leave is not a fringe benefit included in the statute.
The Legislature has departed from this court’s prior expansive view of the definition of wages. Our cases construing the pre-1990 workers compensation law uniformly include vested sick leave and annual leave in the computation of average weekly wages. See University of Fla. v. Collins, 678 So.2d 503 (Fla.App. 1st DCA 1996); University of Fla. v. Bowens, 677 So.2d 942 (Fla. 1st DCA 1996); City of Daytona Beach v. Amsel, 585 So.2d 1044 (Fla. 1st DCA 1991); Dubois Farms, Inc. v. Paul, 566 So.2d 923 (Fla. 1st DCA 1990). The relevant statute at that time, however, defined wages as “the money rate at which the service is recompensed under the contract of hiring in force at the time of the injury, ... [and] any other consideration received from the employer that is considered income under the Internal Revenue Code in effect on January 1, 1987....” § 440.02(23), Fla. Stat. (1989). Since July 1, 1990, Florida workers’ compensation law has not included the “any other consideration” language in the definition of wages.
In Dubois Farms, we recognized that “the Legislature intended this court to be guided by the broad concept of ‘income’ under the [Internal Revenue] Code in arriving at a determination of what consideration is in-cludable in AWW.” 566 So.2d at 925. In Bowens, we relied upon Dubois Farms to conclude that “wages” include “all forms of wealth or benefit that fall within the concept ‘income’ defined in the Internal Revenue Code, whether or not that form of wealth may actually be taxable.” 677 So.2d at 944. We are now constrained to conclude that the Legislature intended to narrow our construction of AWW by the express exclusion of virtually all fringe benefits, as well as the exclusion of what was formerly denominated “any other consideration.”
This court, of course, recognizes that workers’ compensation is a statutory matter and that the Legislature has broad discretion in crafting the parameters of compensation due under our workers’ compensation plan. In response to widespread complaints of abuse of the system, the Legislature, in late 1993, enacted our present workers’ compensation act, which in many instances constricts both entitlement to, and amount of, workers’ compensation benefits. Such, of course, is the legitimate prerogative of the Legislature. This court has in the past observed that the concept of AWW serves primarily the purpose of establishing the value of an employee’s lost ability to earn during the period of disability attributable to the covered industrial accident. See Witzky v. West Coast Duplicating, 503 So.2d 1327 (Fla. 1st DCA 1987). As we stated in Vegas v. Globe Security, the approximation of a claimant’s probable future earning capacity is a “guiding principle” of wage calculation. 627 So.2d 76, 82 (Fla. 1st DCA 1993), review denied, 637 So.2d 234 (Fla.1994). By our decision today, we honor the legislative intent, but note that the present statute alters traditional understanding of wage calculation in Florida workers’ compensation law.
REVERSED.
BARFIELD, C.J., and DAVIS, J., concur