BENTON, Judge.
We have for review a final order awarding workers’ compensation benefits to Betty J. Raggs on account of an industrial accident that occurred on February 18, 1994. We affirm the award of temporary partial disability benefits for the period February 18, 1994, through August 9, 1994, to the extent there was any actual wage loss during this period, and subject to appropriate set-offs for any unemployment compensation payments that she received.
We find no error in the calculation of Ms. Raggs’s average weekly wage. Payroll records reflecting that Ms. Raggs did not pay anything for health care benefits to which she was entitled while she was employed established that entitlement to these benefits was provided solely by the employer, Running W. Citrus Limited Partnership (Citrus). Wages are defined to include “employer contributions for health insurance for the employee or the employee’s dependents.” § 440.02(24), Fla. Stat. (Supp.1994).
Citrus and its workers’ compensation insurance carrier (CNA) maintain that no record evidence established the amount of Citrus’s contributions on Ms. Raggs’s behalf to the “Running W Citrus Employee Health Benefit Plan.” They contend that the judge of compensation claims erred in using instead the weekly premium Ms. Raggs paid upon termination of her employment for initial health insurance continuation coverage under the Consolidated Omnibus Budget Reconciliation Act (COBRA), Public Law No. 93-406, 100 Stat. 227 (codified as amended in scattered sections of 29 U.S.C.).
Citrus finances its employee health benefit plan itself. When an employer is a self-insurer, the premium a former employee must pay for the first eighteen months of COBRA coverage cannot lawfully exceed 102% of the reasonable cost of providing coverage to “similarly situated beneficiaries for the same period occurring during the preceding determination period.” 29 U.S.C. §§ 1162, 1163, 1164 (Supp.1998). In the absence of any other evidence of the amount of the employer’s contributions, the judge of compensation claims reasonably included the amount of the initial COBRA premium in the average weekly wage calculation rather than ignoring altogether entitlement to health care benefits the employer had furnished.
The amount of the initial COBRA premium was the best evidence available as to the *841 amount of Citrus’s contribution for Ms. Raggs’s entitlement to private health care benefits while she was employed. Public benefits are not at issue here. Cf. Curry Indus. v. Maringer, 691 So.2d 4 (Fla. 1st DCA 1997). The $28.85 premium amount may, indeed, be exactly correct. If not, it is a good deal closer than the zero that Citrus and CNA advocate using instead. If the COBRA premium is higher (presumably by no more than two per cent) than the amount actuarially allocable to Ms. Raggs during her employment, the employer^ failure to offer more precise information may fairly be viewed as the sole cause of any (very slight) increase in indemnity payments-the employer must pay.
On the other hand, using the initial COBRA premium as a proxy might save an employer money by simplifying the determination of average weekly wage and so reducing transaction costs. It could also expedite payment of indemnity benefits. “[T]he Workers’ Compensation Law ... shall be construed to permit injured employees and employers ... to resolve disagreements without undue expense, costly litigation, or delay in the provisions of benefits.” § 440.191(l)(a), Fla. Stat. (Supp.1994).
The judge of compensation claims erred in allowing testimony from unauthorized doctors and in relying on that testimo-' ny in awarding temporary and permanent total disability benefits. See Union Camp Corp. v. Hurst, 696 So.2d 873 (Fla. 1st DCA 1997); Lakeland Reg’l Med. Ctr. v. Murphy, 695 So.2d 895 (Fla. 1st DCA 1997). We therefore reverse the award of temporary and permanent total disability benefits and remand for further proceedings.
We affirm on the cross-appeal, without precluding the judge of compensation claims from taking further evidence on remand.
Affirmed in part, reversed in part, and remanded.
BOOTH and VAN NORTWICK, JJ., concur.