WEBSTER, J.
In this workers’ compensation appeal, the employer and servicing agent argue that the judge of compensation claims erred in three respects: (1) awarding indemnity benefits without deeming earnings; (2) ordering payment for treatment performed, and testing prescribed, by a chiropractor; and (3) awarding a fee for the services of the claimant’s attorney. The record contains competent, substantial evidence to support the award of indemnity benefits without deeming earnings. Accordingly, we affirm that award, and the award of an attorney fee. However, the record is devoid of evidence to support payment for the treatment by the chiropractor and the tests performed at his direction. Accordingly, we reverse that portion of the order, which we briefly address.
There is no evidence in the record from which one might conclude that the employer received a request for chiropractic care before November 27, 1991. Five days later, when the claimant’s chiropractor called requesting authorization, the employer refused to authorize him, telling the chiropractor that it would offer an alternative. On December 10, 1991, the claimant’s attorney was given the name of *136 another chiropractor, who had been authorized. The claimant neither objected to the chiropractor offered, nor sought a ruling from the judge of compensation claims; and there was no emergency. The offer of alternative chiropractic treatment thirteen days after such care was requested was sufficient to satisfy the employer’s obligation. See, e.g., Borges v. Osceola Farms Co., 651 So.2d 173 (Fla. 1st DCA 1995) (a 17-day delay in authorizing chiropractic care did not constitute a failure by the employer to meet its obligation to provide medical care). The decision of the judge of compensation claims to the contrary, being unsupported by competent, substantial evidence, is reversed. In all other r'espects, we affirm.
AFFIRMED IN PART and REVERSED IN PART.
ERVIN and WOLF, JJ., CONCUR.