POLSTON, J.
Appellants appeal the final workers’ compensation order ruling that Appellee’s average weekly wage (“AWW”) computation includes the employer’s contributions to her Capital Accumulation Plan (“CAP”). Appellants argue that these CAP contributions are not included within the definition of wages, for purposes of computing AWW, pursuant to section 440.02(24), Florida Statutes (1997). We agree and therefore reverse.
The Judge of Compensation Claims (“JCC”) explained how the CAP is funded:
When the employer contracts with the United States Government for a specified number of employee hours to provide services, the U.S. Department of Labor sets a level of benefits that the contractor must pay each employee working under the contract. For the contract at Tyndall Air Force Base the benefits are set at $2.56 per hour for all productive hours worked on the contract. Holiday pay, sick leave pay and unpaid absences are excluded. The employer has no input into the determination of the hourly package which is established solely by the government. The employer then provides various fringe benefits such as medical, dental, vision, life insurance, sick leave and short term disability pay. When the cost of those fringe benefits are calculated and totaled, any differential between that amount and $2.56 per hour is paid into the Capital Accumulation Plan of each employee. For the first quarter of 1998, $1.59 per hour was paid into the CAP plan of each employee. For the second quarter of 1998 $1.40 per hour was paid into the employee CAP plan.
The JCC concluded that the CAP savings plan for each employee is “deferred wages” and therefore should be included in the AWW computation.
However, we conclude that the CAP savings plan should be excluded from Appel-lee’s AWW computation because it is a fringe benefit not included within the definition of wages pursuant to section 440.02(24), Florida Statutes (1997). See Orange County School Board v. Muscanell, 705 So.2d 1026 (Fla. 1st DCA 1998)(holding that although vested sick leave pay was taxable when the employee collected payment upon being sick or leaving employment, it should not be included *229 in computing AWW because it is an excluded fringe benefit).
Therefore, we reverse and remand for entry of an order determining Appellee’s AWW excluding the employer’s contribution to her CAP savings plan.
WEBSTER and LEWIS, JJ., concur.