MARSTILLER, J.,
concurring in part and dissenting in part.
I concur in affirming the JCC’s finding of a compensable accident and injury, the award of TTD, and the order to pay Claimant’s medical bills from Doctors Hospital and Jackson Memorial Hospital. I further concur in the decision to remand for a determination of Claimant’s entitlement to TPD. But I respectfully dissent from the decision to remand for Claimant to put on evidence concerning medical expenses and bills he failed to substantiate at the hearing.
There is, as the majority opinion notes, a lack of clear justification in our prior decisions to remand for introduction of medical bills where none were put into evidence. But I submit that in those cases, unlike the one before us now, there likely was no challenge by the E/C to the bills once compensability of the claimant’s injury was determined. “Only rarely is the amount or reasonableness of medical bills an issue before the [JCC]. These matters generally will be worked out by the parties or their counsel.” American Grinding & Equip., v. Rodman, 411 So.2d 917, 919 (Fla. 1st DCA 1982) (Smith, C.J., concurring and dissenting). Here, the E/C did not agree to deal with the medical expenses and bills administratively. Claimant knew well before the hearing he would be required to prove entitlement to payment of each expense reflected in the medical bills incurred for treating his compen-sable injury. He failed to do so and should not be given another chance to make his case, absent exceptional circumstances. See Evans, supra.