PER CURIAM.
 

 In this workers’ compensation case, Claimant appeals an order of the Judge of Compensation Claims (JCC) awarding temporary indemnity benefits from the date of the accident through February 14, 2011, and denying temporary indemnity benefits from February 15, 2011, through the date of the final hearing. Claimant challenges two rulings of the JCC: his rejection of the adjuster’s testimony on medical restrictions as sufficient proof of entitlement to indemnity benefits during the second time period above; and his calculation of the average weekly wage (AWW). We affirm the former ruling without further discussion, and reverse the latter for the reasons that follow.
 

 The JCC found it was “not disputed that the Claimant’s ‘vacation pay’ and ‘funeral pay’ were received by the Claimant during the thirteen weeks prior to the industrial accident and were reported for Federal income tax purposes.” To the contrary, this fact was disputed. Specifically, the wage statement indicates Claimant was paid nothing for the week of June 13 to 19, 2010, and worked three days and was paid $264 for the week of June 20 to 26, 2010, and conversely, Claimant testified she was paid for a full forty hours for both weeks. Logic dictates that the JCC’s finding was actually the JCC’s rejection of the wage statement and acceptance of Claimant’s testimony that she received the pay. The JCC is entitled to determine credibility and resolves conflicts in the evidence.
 
 See City of W. Palm Beach Fire Dep’t v. Noman,
 
 711 So.2d 628, 629 (Fla. 1st DCA 1998).
 

 Given the JCC’s finding that Claimant actually received the pay at issue, the JCC nonetheless excluded that pay from the calculation of Claimant’s AWW, analogizing to
 
 Orange County School Board v. Muscanell,
 
 705 So.2d 1026 (Fla. 1st DCA 1998), which excludes vested sick pay from AWW. The JCC misapprehended the facts of
 
 Muscanell,
 
 however, as evidenced by his statement in the final order that Mus-
 
 *719
 
 canell “received vested sick leave during the thirteen weeks before her injury.” In fact, the
 
 Muscanell
 
 claimant did not
 
 receive,
 
 that is, was not paid over the thirteen weeks before her injury, any amount of the vested sick leave that she had earned during that time. 705 So.2d at 1027. It follows that
 
 Muscanell
 
 is not dispositive, and the JCC on remand must consider, without resort to
 
 Muscanell,
 
 whether Florida Statutes permit inclusion of vacation and funeral pay in the AWW where it was actually paid during the thirteen weeks preceding the date of the accident.
 

 AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
 

 WOLF, PADOVANO, and MARSTILLER, JJ., concur.